Vowells v. Commonwealth.

---

CASE 28—INDICTMENT—SEPTEMBER 17.

# Vowells v. Commonwealth.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. CRIMINAL LAW.—SETTING UP FARO-BANK.—One can not be convicted of the offense of setting up a faro-bank, unless it appears that he was connected with the bank either as proprietor or as employe; a mere spectator rendering "a momentary or occasional assistance" can not be convicted.

    It was error in this case to instruct the jury that they should convict if they believed the defendant "was aiding or assisting" the dealer "so as to keep and exhibit said faro-bank."

2. A PLEA OF FORMER ACQUITTAL OR CONVICTION need not be traversed by the Commonwealth.

3. THE BURDEN IS ON THE ACCUSED pleading former acquittal or conviction to show that he has been acquitted or convicted of the identical offense for which he is being tried.

4. REVERSIBLE ERROR.—That there was not *sufficient* evidence to sustain the verdict is not a reversible error in a criminal case. The only inquiry as to the evidence that can be made upon appeal is, whether there was *any* evidence conducing to show guilt.

HUGH RODMAN AND HAYCRAFT & SLACK FOR APPELLANT.

Brief not in record.

P. W. HARDIN FOR APPELLEE.

1. The Commonwealth is not required to traverse a plea of former conviction or acquittal. (Criminal Code, section 172.)

vol. 83.—13

2. The sufficiency of the evidence to support the verdict can not be considered. (Criminal Code, section 281.)

3. The instructions present clearly the law of the case.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was indicted for the offense of setting up a faro-bank under section 6, article 1, chapter 47, General Statutes, and now relies upon various grounds for reversing the judgment of conviction.

1st. It is contended the court erred in giving any instruction at all upon the hypothesis of his guilt, because there was a total absence of proof showing or tending to show it.

The only witness who testified to any facts relating to the offense of which appellant was convicted was Johnson. He stated, in substance, that in July, 1882, a short time before the indictment was found, he was in a room where one McCarty was dealing faro, and that he, the witness, and another were betting against the game, appellant being, at the time, in the lookout chair; that McCarty, the dealer, and the other better got into a fuss about the limit, when appellant took up the dispute, and the witness left because he feared a difficulty, and in a few hours thereafter he was called before the grand jury and testified about it. He stated that the lookout is to protect the game; two persons, the dealer and lookout, being sometimes required to run it.

On the other hand, the witness stated he did not know that appellant had any thing to do with the game; that a good dealer, such as McCarty, did not require the help of a lookout, and that he, the witness, had seen a great many men in the lookout

chair, when faro was being dealt, and watch the game who had nothing to do with it.

As has been often held, this court has no power to reverse a judgment of conviction in a criminal case upon the sole ground there was not sufficient evidence to sustain the verdict, being restricted to the single inquiry, whether there was any evidence before the jury conducing to show the guilt of the accused; and as, in our opinion, there was some evidence, we do not feel authorized to invade the province of the jury.

2d. In addition to the plea of not guilty, appellant entered a plea of former conviction and of former acquittal. And his counsel now contends that because no reply to either plea was filed by the Commonwealth, nor any formal issue of record made, he was entitled to an acquittal in this case.

The Criminal Code, by which alone pleadings and proceedings in criminal trials are regulated, provides for a plea of former acquittal and of former conviction of the offense charged in the indictment. But it is not required in such case that there shall be a reply by the Commonwealth, nor has it ever been held by this court to be necessary under the Code.

There was evidence introduced on the trial showing that appellant had been twice before indicted and tried for similar offenses, being convicted under one and acquitted under the other indictment. But to avail himself of such defense, we think it was incumbent on him to show that he had been previously tried and convicted or acquitted, as the case may be, of the identical offense for which he was

indicted in this case. For, while former conviction or acquittal may, under the Code, be pleaded with or without the plea of not guilty, it is essentially an affirmative plea and puts the onus upon the accused. The instruction given by the court in accordance with this view, of which counsel complains, was, therefore, not erroneous. Nor was appellant prejudiced by the failure of the court to specify in the instructions the case in which he was tried and acquitted, as was done in the case where he had been tried and convicted. · For the evidence shows clearly that both the indictments and trials under them, pleaded in bar, were for offenses distinct from the one of which he was convicted in this case.          .

3d. The most serious question in the case is as to the correctness of the instruction given and the one refused, which we quote.

The one given is as follows: "If the jury find that another person was setting up, exhibiting or keeping a faro-bank, by dealing faro, and that defendant was aiding or assisting such dealer, so as to keep and exhibit said faro-bank, the jury will find the defendant guilty," etc.

The one refused is as follows: "Before defendant can be found guilty of the offense charged, the jury must believe, from the evidence, that he was in some way connected with the faro-bank and not a mere spectator."

We have no doubt that under the statute a person may be guilty of the offense who aids or assists the dealer, or the person setting up or keeping a faro-bank. But we think it is essential to his legal con-

viction that he should be proved to have been more, than a mere spectator, or, in other words, that he was in some way connected with the game as a joint owner or employe.

In the case of the Commonwealth v. Burns, 4 J. J. Marshall, 177, the statute of 1823, not materially differing from the section of the General Statutes under consideration, was construed by this court. In that case Burns was shown to have been present while another was dealing faro, and during the game took a seat and aided in conducting the game, paying off bets lost by the bank, and taking in those won by it; and in the opinion rendered, affirming the judgment, this court used this language: "Does a person set up or keep a gaming table who has no interest whatever in it, nor any agency in it, or the game which shall be played upon it, other than a momentary or occasional assistance to the dealer in taking in or paying bets? He does not either, according to the letter or object of the statute, or to the popular understanding of the terms, set up or keep a gaming table. The letter of the act does not embrace him; its policy can not. Such a person could not, therefore, keep a bank, nor be guilty of setting it up, directly or indirectly, because he had no interest in it."

We do not think it necessary, in order to establish the guilt of the accused in such case as this, that he should be proved to have had an actual pecuniary interest as owner of the bank. It is sufficient, if it appear that he was connected with it either as proprietor or as dealer or other employe.

He must be more than a mere spectator, rendering "a momentary or occasional assistance."

The question then arises, whether the words "was aiding or assisting such dealer, so as to keep and exhibit said faro-bank," contained in the instruction of the court, import definitely and fully the idea of such a connection by appellant with the faro-bank as makes him amenable under the statute? We think not. For, as held in the Burns case, a mere spectator, having no interest in or connection with the faro-bank as owner or employe, might aid or assist the dealer, "so as to keep and exhibit it" for the time being, without being guilty of the offense denounced by the statute.

In our opinion, the instruction given by the court does not sufficiently or accurately describe the offense with which appellant is charged, and it should have been qualified and explained by the one asked by appellant, and improperly refused, which we have quoted. For this error the judgment is reversed for a new trial.