Case 16—INDICTMENT—October 6.

## Travis v. Commonwealth.

APPEAL FROM SIMPSON CIRCUIT COURT.

| 96 | 77 |
| 110 | 360 |
| 96 | 77 |
| 125 | 135 |
| 96 | 77 |
| 130 | 305 |

1. Arrest of Judgment in Criminal Case.—The only ground upon which a judgment of conviction in a criminal case can be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.

2. In an indictment for the larceny or embezzlement of money

Travis v. Commonwealth.

or United States currency or bank notes, it is sufficient to allege the larceny or embezzlement of the same without specifying the coin, number, denomination or kind.

In this case the averment in the indictment that the money stolen was in good and lawful currency of the "United States of Kentucky" did not render the indictment bad, the words "of Kentucky" being mere surplusage and meaningless

3. REVERSIBLE ERRORS.—This court has no power to reverse a judgment of conviction in a criminal case upon the sole ground there was not sufficient evidence to sustain the verdict, being restricted to the sole inquiry, so far as the evidence is concerned, whether there was any evidence before the jury conducing to show the guilt of the accused.

Upon the trial of appellant, who was jointly indicated with another for larceny, there being some testimony conducing to show that he aided and abetted in the commission of the offense by his co-defendant, this court cannot reverse a judgment convicting him of the offense upon the ground that it is not supported by the evidence.

4. ACCESSORIES.—If appellant merely received the money after it was stolen, in order to protect his co-defendant from the risk of discovery, having no previous connection with the offense, he was only an accessory after the fact and not a principal.

5. AIDERS AND ABETTORS.—Two or more persons indicted as the actual perpetrators of a crime may be convicted as principals, although some of them were merely aiders and abettors.

G. W. WHITESIDES AND C. W. MILLIKEN FOR APPELLANT.

1. The peremptory instruction asked for by the defendant should have been given, as the evidence did not tend to establish defendant's guilt.

2. In the indictment charging defendant with stealing "thirty dollars in good and lawful currency of the United States of Kentucky," the words "of Kentucky" render the indictment fatally defective, and motion for arrest of judgment should have been sustained.

3. The court erred in giving instructions in which were used the words of the indictment and words which tended to cure the defect in the indictment. And it was error to refuse to instruct the jury that defendant's presence at the time of the stealing was essential to his conviction.

WM. J. HENDRICK, ATTORNEY-GENERAL, AND G. T. FINN FOR APPELLEE.

1. The instructions given embraced the whole law of the case, and the one refused was properly rejected. (True v. Commonwealth, 90 Ky., 653.)

Travis v. Commonwealth.

2. The evidence was sufficient to justify the verdict of the jury, and the motion for a new trial was properly overruled.

3. The words "of Kentucky" in the indictment do not render it defective, for taken as a whole the meaning is clear. (Criminal Code, secs. 122 and 135.)

CHIEF JUSTICE QUIGLEY DELIVERED THE OPINION OF THE COURT.

Appellant, Hiram Travis, and Thomas Hendricks were jointly indicted in the Simpson circuit court for grand larceny. Travis demanded a separate trial, and on trial had was convicted and sentenced to confinement in the penitentiary for four years. The indictment reads as follows: "The said Travis and Hendricks heretofore, to wit, on the —— day of December, A. D. 1893, in the county aforesaid, did unlawfully and feloniously take, steal and carry away, with the intent to convert to their own use, from J. L. Ewell, thirty dollars ($30) in good and lawful currency of the United States of Kentucky, a better description of which is not here given because the same is to the grand jury unknown, said thirty dollars then and there belonging and was in the possession of said J. L. Ewell, and the said Travis and Hendricks did feloniously convert same to their own use and deprive the said Ewell of same," &c.

No demurrer was interposed to the indictment. Defendant's request for a peremptory instruction was overruled, also his motion in arrest of judgment, and for a new trial, to all of which he excepted, as well as to the instructions given and refused by the court.

It appears from the evidence, and we quote it in full, because defendant is relying upon it mainly for a reversal of the judgment below: That some time in December, 1893, J. L. Ewell, accompanied by his

half-brother, T. B. Brown, went to the town of Franklin, in Simpson county, to sell his tobacco. The purchaser of the tobacco gave him a check on the Simpson County Bank for thirty-four dollars and some cents. Ewell went into the bank to get the check cashed. He received thirty dollars in currency and four dollars and some cents in silver. He put the paper money in his vest pocket and the silver in his pants pocket. His brother, T. B. Brown, was waiting on the pavement, near the bank door, and near him was standing the co-defendant, Hendricks. Ewell and Brown went to the store of one Barner, followed by Hendricks. Ewell tried on some clothing, but not being suited, he and Brown went to the store of defendant Travis, still followed by Hendricks. They all went into Travis' store. Ewell pulled off his overcoat and laid it on the floor near the counter, and took off and put his dress-coat and vest on the counter. He and Travis then moved some distance away, and Ewell began trying on clothing. In the meantime Hendricks seated himself on the counter near the coat and vest. He was seen by one witness to move them a little away from him, Brown, Ewell's half-brother, being near him. While Ewell was trying on the clothing Hendricks got off the counter and walked down to where Ewell and Travis were, and whispered something to Travis, one witness testifying it looked to him like Travis was trying to hide something under the vests he was fingering on the counter, but that he could't see Hendricks' hands; and another witness testified that he heard the whispered conversation between Travis and Hendricks, and Hendricks said: "Sell

him my overcoat; it is too small for me." Ewell failed to make a purchase. He put on his clothes, and he and Brown went back to Barner's—this time not followed by Hendricks. There Ewell tried on more clothing, and discovered that his thirty dollars were gone. They made search for it at Barner's, and then went to Travis'. He disclaimed all knowledge of it, and Brown said to him, "I know you didn't take it; you had no chance to." The money was not found.

It also appears from the evidence that three negro men were in the store at the time Ewell and Brown were there, and during the day they were talking in Travis' store about the theft, and one of them said: "If I don't get something out of this, I will knock every spoke out of the wheel," and all said they would blow unless they got something. Travis said he knew nothing about it. That evening Hendricks came into the store; the negroes were there; Travis took Hendricks behind a curtain and came out directly with a five dollar bill in his hand, and said to the negroes: "Here is five dollars Tom Hendricks told me to give you all to keep quiet," and they divided the money between them. In a few minutes another negro came in and wanted some money for his silence, but he was denied, Travis saying that he had nothing to do with it; "it is Tom Hendricks' money." The town marshal also testified that Travis promised to tell him if he learned anything, and that evening he told him he hadn't heard a word. No testimony was introduced by defendant.

This court is asked for a reversal because the court erred in overruling defendant's motion in arrest of

judgment. The only ground upon which a judgment shall be arrested is, that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. (Section 276, Criminal Code.)

In an indictment for the larceny or embezzlement of money or United States currency or bank notes, it is sufficient to allege the larceny or embezzlement of the same without specifying the coin, number, denomination or kind thereof. (Section 135, Criminal Code.) The indictment meets all the requirements of the Code, and the offense is specific and complete, the words "of Kentucky" being mere surplusage and meaningless, and in no way calculated to mislead defendant to his prejudice.

Again, that the verdict is against the law and evidence. In case of Vowells v. Commonwealth, 83 Ky., 193, this court said: "As has been often held, this court has no power to reverse a judgment of conviction in a criminal case upon the sole ground there was not sufficient evidence to sustain the verdict, being restricted to the single inquiry, whether there was any evidence before the jury conducing to show the guilt of the accused, and as, in our opinion, there was some evidence, we do not feel authorized to invade the province of the jury."

The circumstances connecting Travis with the offense are: The whispered conversation with Hendricks, the talk behind the curtain, giving the negroes five dollars to divide between them, and his statement to the town marshal. All this occurred after the theft, if any had been committed. Travis could not have taken the money out of Ewell's vest pocket, and if

Hendricks took it, the larceny was complete before he handed the money to Travis, assuming that he did so; and if Travis received the money after it was stolen in order to protect Hendricks from the risk of discovery, he was only an accessory after the fact, and not a principal, unless he agreed with Hendricks to commit the offense, or knew he was going to commit it, and thus aided and abetted him in its consummation.

Mr. Blackstone in the second volume of his Commentaries, page 34, says: "A man may be principal in an offense in two degrees; a principal in the first degree is he that is the actor or absolute perpetrator of the crime. And in the second degree he who is present, aiding and abetting the fact to be done." The evidence is sufficient to prevent an invasion by this court of the province of the jury.

Again, that the court misinstructed the jury. We notice instruction No. 1, under which defendant was convicted.

It reads as follows: "The court instructs the jury that if they believe from the evidence, to the exclusion of a reasonable doubt, that the defendant Hiram Travis, in Simpson county, and before the finding of this indictment, unlawfully and feloniously stole and carried away with the intent to convert to his own use, currency of the United States of more than twenty dollars, the property of another, J. L. Ewell, without the consent or knowledge of the said Ewell, and converted same to his—the said Travis'—own use; or if they believe from the evidence, to the exclusion of a reasonable doubt, that Thomas Hendricks, in Simpson county, and before the finding of this in-

dictment, unlawfully and feloniously took, stole and carried away, with the intent to convert same to his own use, currency of the United States of the value of more than twenty dollars, the property of J. L. Ewell, without the consent of the said Ewell, and that the said Travis was then and there present, and aided and abetted the said Hendricks in the said felonious and unlawful taking, if any, as aforesaid, they should then, and in that event, find the defendant Travis guilty as charged in the indictment, and fix his punishment at confinement in the penitentiary for not less than one nor more than five years, in their discretion.''

We find no error in this instruction. Defendant was jointly indicted with Hendricks as principal, and it is the well settled doctrine of this court, that two or more persons indicted as the actual perpetrators of a crime may be convicted as principals, although some of them were merely aiders and abettors. (Thompson v. Commonwealth, 1 Met., 13; Young v. Commonwealth, 8 Bush, 366; Mulligan v. Commonwealth, 84 Ky., 229.)

It is unnecessary to consider the other errors assigned, as they are immaterial and in no way prejudicial to the substantial rights of the defendant.

The judgment of the lower court is affirmed.