## Fuson v. Commonwealth.

(Decided January 26, 1915.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Trial—Continuance—Absent Witnesses — Diligence.—Where in a criminal prosecution an affidavit for continuance on the ground of absent witnesses fails to show that subpoenaes for the desired witnesses were placed in the hands of the sheriff for service, such a showing does not establish due diligence on the part of the defendant in securing the absent witnesses, sufficient to entitle him to a continuance.

2.  Trial—New Trial—Newly Discovered Evidence.—A new trial
    will not be granted because of newly discovered evidence, where
    very little, if any, of the newly discovered evidence relied on is
    competent, and the facts alleged are not sufficient to show that
    the evidence could not have been discovered prior to the trial by
    the exercise of reasonable diligence.                          -
3.  Appeal—Transcript—Certificates—When to be Signed.—The prac-
    tice of signing certificates to be appended to the transcript of
    evidence before the transcript is prepared or filed is disapproved.

STEPHENS & STEELY for appellant.

JAMES GARNETT, Attorney General, and ROSE & POPE for
appellee.

OPINION OF THE ·COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

Defendant, Lida Fuson, was found guilty of obtaining property by false pretenses, and asks a reversal of the judgment of conviction.

The facts are these:

Prior to the commission of the offense with which he is charged Fuson had executed two notes to James Wynn, one for $400 and one for $200. Wynn became ill, and Alice Wynn, his wife, placed the notes in the keeping of her father, William Carpenter. According to the evidence for the Commonwealth, Fuson went to Wynn's home to inquire about the notes. Wynn was unconscious, and Fuson was told that William Carpenter had the notes. Fuson then went to William Carpenter and told him that Alice Wynn, his daughter, had sent him there to get the notes. This statement was false. Carpenter, believing the statement, and relying thereon, delivered the notes to Fuson. At the same time Fuson gave Carpenter a check for $500, stating that he had that amount of money in the bank on which it was drawn. Fuson claims that the two notes represented borrowed money and that the $200 note should have been for $100. He also claims that he had paid Wynn about $325 on the two notes, and owed only a balance of about $170. He denies telling Carpenter that Alice Wynn had sent him for the notes. He denies executing a $500 check, and claims that the check which he actually delivered was for $170, and that he had sufficient money in bank to pay this note.

Defendant insists that the trial court erred in refusing a continuance. His affidavit shows that he gave to the clerk a few days before the trial a written memoran-

dum containing the names of certain witnesses, with directions to issue subpoenaes for them, but he did not know whether they had ever been issued or served. As the affidavit did not show that the requested subpoenaes had ever been placed in the hands of the sheriff for service, it is manifest that due diligence was not used by the defendant in securing the attendance of the absent witnesses. Notwithstanding this fact, however, the trial court permitted the affidavit to be read as the deposition of the absent witnesses. Under these circumstances, the defendant cannot complain of the court's refusal to grant a continuance, because the action of the court was more favorable to him than the circumstances warranted.

It is next insisted that the court also erred in refusing to grant a new trial. The affidavit being very long, we deem it unnecessary to copy it in full. It is sufficient to say that very little, if any, newly discovered evidence relied on was competent, and the facts alleged are not sufficient to show that the evidence could not have been discovered prior to the trial by the exercise of reasonable diligence.

As the court did not err in refusing either a continuance or a new trial, and the indictment and instructions are not subject to criticism, and the evidence is sufficient to sustain a conviction, we see no reason for disturbing the judgment.

Before closing this opinion we deem is necessary to discuss a question affecting the transcript of evidence. It appears that the stenographer's certificate appended to the transcript, wherein she certifies that "the foregoing is a complete transcript of the evidence heard on the trial of the case of Commonwealth of Kentucky v. Lida P. Fuson, as appear from my stenographic notes taken on the 7th day of the September term, 1914, of the Whitley Circuit Court, and all the objections, exceptions and avowals made during the trial of said case," is on a separate page from the transcript, and was signed by the stenographer on October 24, 1914. Following the certificate is the certificate of the circuit judge, signed on said date, wherein he certifies that "the foregoing transcript of evidence has been examined, approved and signed by me as the judge before whom the trial was had at the September term, 1914, of the Whitley Circuit Court." It is admitted by counsel, and the facts show, that these two certificates were signed prior

to the time that the transcript was filed, or even prepared. It further appears that this method of certification has long been the practice of that court, and was adopted for the convenience of the court and the parties to the action. Manifestly the very purpose of the certificates is to establish the integrity of the record by showing that the transcript is in fact what it purports to be. Therefore, certificates signed before the transcript is even prepared, though with the expectation that the transcript will thereafter be inserted in a place left for that purpose, utterly fail to accomplish the purpose for which they are required. Though no advantage of the opportunity may be taken, it must be conceded that an opportunity for tampering with the transcript is fully afforded by the practice in question, which necessarily leaves the minds of the members of this court in doubt as to the verity of the record which they are called on to consider. Under the circumstances, therefore, we would be derelict in our duty if we did not express our unqualified condemnation of the method of certification employed in this case.

Judgment affirmed.