## Weiser v. Commonwealth.

(Decided November 27, 1923.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Abduction—Instruction as to Assault Properly Refused Under Evidence.—In a prosecution for unlawfully detaining a woman, evidence held not to render it error to fail to give an instruction permitting the jury to determine whether defendant should be found guilty of an assault, instead of the crime charged.

2. Criminal Law—No Instruction on Assault Not Shown by Evidence.—In a prosecution for unlawfully detaining a woman, an instruction permitting the jury to determine whether defendant should be found guilty of an assault should not be given, where the evidence shows that the defendant was guilty of the crime charged or no offense at all.

GEORGE G. BUCKINGHAM for appellant.

THOMAS B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Philip Weiser, following his indictment under section 1158, Kentucky Statutes, for unlawfully detaining a woman, Josephine Bryan, "against her will, with intent to have carnal knowledge with her himself," was tried for the crime in the court below, by verdict of a jury found guilty as charged, and his punishment fixed at five years' confinement in the penitentiary.

He complains of his conviction, and the overruling of his motion and grounds for a new trial by the circuit court, and has appealed from the judgment entered upon the verdict.

But one error is assigned by his counsel for the reversal of the judgment sought, viz.: failure of the trial court to instruct the jury upon the whole law of the case. The evidence in behalf of the Commonwealth strongly conduced to prove the following material facts: That the prosecuting witness Josephine Bryan, is a young girl eighteen years of age, residing in the city of Louisville with two young sisters, whose support as well as her own, is provided for out of her wages as an employee of the Home Telephone Company, in whose office or exchange she had worked for a year at the time of testifying. On November 12th, 1922, about nine o'clock p. m. Miss Bryan, upon the invitation of the appellant, to whom she had been introduced earlier that evening by one Staly, a mutual friend, rode in an automobile with him and a Mr. Black, known to both of them, from her home to Bauer's road house on the Brownsboro driveway near Louisville, where dancing was the chief amusement. At Bauer's they expected to and did meet Staly and some young ladies known to them and while there all took part in the dancing, ate sandwiches at the table, took several drinks of coca cola, and some of the party, including appellant, partook of whiskey. Of the latter drink Miss Bryan, who was unacustomed to its use, refused for a time to partake, but later yielded to the persuasion of appellant to the extent of indulging in one or two small "sups" of it, which she did not repeat.

About 11:30 o'clock appellant, at her request, agreed to take her home, and they left Bauer's in the automobile accompanied by Black, who, when they arrived in that part of Louisville known as the Highlands, got out of the automobile and left them for his home nearby. At that time it was midnight or after and Miss Bryan requested the appellant to take her home, which he promised to do. After going a short distance, however, he insisted upon continuing their ride for awhile, to which, owing to his persistency, she temporarily agreed. Thereupon, notwithstanding her objections to his so doing, he drove out the river road toward the country club, and upon reaching the outskirts of the city, at a point unknown to Miss Bryan, he stopped the automobile and began the acts of

outrage constituting the offense of which he was convicted. These acts, according to Miss Bryan's testimony, consisted of indecent proposals from him for sexual intercourse with her, and attempts to embrace and handle her person for that purpose, in doing which he resorted to force. These acts were all resisted by her, accompanied by efforts on her part to escape from the automobile, to prevent which he started the machine. In struggling to escape his embrace Miss Bryan kicked and broke the wind shield of the automobile and thereby badly cut her ankle; and upon seeing the approach of an automobile truck called out for help. She finally succeeded in jumping from the automobile while it was in motion and in doing so fell and sprained a wrist. After thus escaping she discovered that the truck, which she had previously seen approach and pass the automobile of the appellant, had stopped, seeing which she ran to it followed by the appellant. The occupants of the truck, consisting of three colored men and a colored woman, the wife of one of them, kindly received Miss Bryan and immediately carried her to her home, where she was confined several days by her injuries under the care of a physician. The persons in the truck all testified that they heard the cries of Miss Bryan and witnessed her escape from the automobile. They also corroborated her testimony as to her fright and condition.

The foregoing facts were uncontradicted save by the appellant, who denied the acts and misconduct attributed to him by Miss Bryan, but admitted her struggles and escape from the automobile, claiming, however, that it was caused by her intoxication and hysteria. His testimony as to her being intoxicated and hysterical was positively contradicted by her, by Black, who returned with them from the road house to the city, and by the four occupants of the truck.

The complaint of the trial court is that it erred in failing to give an instruction permitting the jury to determine whether the appellant should be found guilty of an assault instead of the crime charged. Obviously such an instruction was not authorized by the facts of this case, as they show his guilt of the crime charged or of no offense at all; and we have repeatedly held that such an instruction should never be given in a case where such is the showing made by the evidence. Estes v. Commonwealth, 194 Ky. 475.

The failure of the court to give such an instruction was not error; and as the verdict returned by the jury was fully authorized by the evidence the judgment is affirmed.