## Grapes v. Commonwealth.

(Decided April 25, 1924.)

### Appeal from Nelson Circuit Court.

1. Indictment and Information—Indictment for Robbery Held Not Vague and Uncertain.—An indictment charging defendant and two co-defendants with every essential element of the crime of robbery, was not demurrable as being vague, uncertain and unintelligible, in that, after charging the defendants jointly with the commission of the crime, it alleged that one of the three actually took the money, and that the other two were present, aiding and assisting and abetting him in so doing, and that the grand jury did not know which was the principal and which the aiders and abettors.

2. Criminal Law—Principal, Aiders, Abettors and Accessories before Fact Equally Guilty.—The principal actor, aiders, abettors and accessories before the fact are all parties in the first degree, and are equally guilty, and may be so accused and convicted, under Kentucky Statutes, section 1128,

3. Criminal Law—Evidence Held to Sustain Conviction as Against Evidence of Alibi.—In a prosecution for robbery, evidence held to sustain a conviction, though defendant testified that he was not in the vicinity of the place of the robbery upon the day it was committed.

4. Criminal Law—Statement of Prosecuting Counsel Held Erroneous but Not Prejudicial.—Statement by county attorney in his closing argument that one jointly indicted with defendant had jumped his bond and run away from his trial, should have been excluded from the jury; testimony thereof having been excluded on motion, but failure to do so was not prejudicial.

OSSO W. STANLEY and FRANK A. DOUGLASS for appellant.

GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant, Robert Grapes, was jointly indicted with Jimmy Ryan and J. A. Fleisher upon the charge of robbing one R. A. Shawley of $240.00 on the — day of February, 1923. Upon his separate trial, appellant was convicted, and his punishment fixed at confinement in the penitentiary for four years.

For reversal he contends that the court erred in overruling his demurrer to the indictment, in the admission of incompetent evidence, that the verdict is contrary to

the evidence, and that the argument to the jury by counsel for the Commonwealth was improper.

The indictment is criticised as being vague, uncertain, and unintelligible, but it definitely and certainly charges the appellant and his two co-defendants with every essential element of the crime of robbery, and is indefinite only in that, after charging the defendants jointly with the commission of the crime, it alleges that one of the three actually took the money from Shawley, and that the other two were present aiding, assisting and abetting him in so doing, and that the grand jury did not know which was the principal and which the aiders and abettors.

Criticism of the indictment is doubtless based upon this latter fact. This fact, however, did not render the indictment demurrable. It is the law in this Commonwealth that the principal actor, aiders and abettors, and accessories before the fact, are all parties in the first degree and are equally guilty and may be so accused and convicted. Commonwealth v. Hargis, 124 Ky. 356, 99 S. W. 348; Howard v. Commonwealth, 110 Ky. 356, 61 S. W. 756; Ratliff v. Commonwealth, 182 Ky. 246, 206 S. W. 497; Kentucky Statutes, section 1128.

Complaint is made in the brief for appellant that the Commonwealth repeatedly asked, and witnesses were permitted to answer, questions with reference to his co-defendants, Ryan and Fleisher; but as the parties were acting together, the evidence could not have been separated. However, the court sustained every objection made by defendant during the trial save one, and in that instance the evidence was clearly competent. There is therefore no merit in this contention.

The prosecuting witness, Shawley, positively identified appellant as the one of the three defendants who struck him over the head with a pistol and then held him in fear by pointing a pistol at him while his associates committed the robbery. Two other witnesses testified that they saw appellant in company with Fleisher and Ryan near the place of the robbery upon two different occasions earlier in the day.

To contradict this evidence, appellant, testifying for himself, stated that he was not in the vicinity of the place of the robbery upon the day it was committed, and that he was in Louisville. His explanation of how he and Fleisher happened to be together the next morning in

Bullitt county, and not far from the place of the robbery, is not convincing. The only other evidence introduced in his behalf is that of a single witness, who testified that his reputation is good.

Manifestly we could not, under such circumstances, say that the verdict of the jury is flagrantly against the evidence.

The remaining complaint is, that the county attorney, in his closing argument to the jury, stated: ''The man Fleisher, jointly indicted with the defendant, has jumped his bond and run away from his trial.'' One of the witnesses for the Commonwealth so testified, but the court, upon motion, properly excluded it from the jury, and the court, upon defendant's objection, should have excluded the attorney's reference thereto from the jury. This error, however, which is the only one we find in the record, could not, in our judgment, have affected the jury or the verdict against appellant, and was not therefore prejudicial or such error as would justify a reversal of the judgment.

Convinced that there was no error on the trial prejudicial to the appellant's substantial rights, the judgment is affirmed.