## Ely v. Commonwealth.

(Decided June 16, 1931.)

J. G. ROLLINS for appellant.

J. W. CAMMACK, Attorney General, and D. C. VEST for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

Bill Ely and Roosevelt Saylor were jointly indicted in the Bell circuit court for the murder of Elihu Simpson. They were tried on the indictment at the May term, 1929, and both found guilty of manslaughter and their punishment fixed at two and five years' imprisonment, respectively. They filed motion and grounds for a new trial and in support thereof filed numerous affidavits. The court sustained their motion.

Bill Ely was again put on trial, at a special term of court in December, 1930, his codefendant, Roosevelt Saylor having been killed in the meantime. The second trial resulted in a convicton and his punishment was by the verdict of the jury and judgment of the court fixed at imprisonment for life. His motion and grounds for a new trial having been overruled, he has prosecuted this appeal.

His counsel argue a number of grounds upon which they rely for reversal, and we shall consider them in the order in which they are discussed in the brief.

It is first argued that the court erred in instructing the jury. Carl Hall was with Elihu Simpson at the beginning of the difficulty out of which his death resulted. It is insisted that the reference to right of self-defense as against Carl Hall in the self-defense instruction should have been embodied in the other instruction. No authorities are cited to support this contention and there is no substantial basis for the argument that the court erred in this particular. As a matter of fact, authorities point the other way. Hoskins v. Commonwealth, 152 Ky. 805, 154 S. W. 919; Copley v. Commonwealth, 184 Ky. 185, 211 S. W. 558.

It is next insisted that the verdict is against the law and the evidence. It is sufficient to say that the evidence of Carl Hall, who was present when the difficulty started, and, according to his evidence, until after Simpson had been mortally wounded, indicates that appellant and Roosevelt Saylor were both engaged in shooting and that one or the other of them shot and killed Simpson; that the other was present, acting in concert and aiding, abetting, and advising the one who actually did the shooting. His evidence further indicates that Simpson did nothing to provoke the difficulty and made no demonstration whatever toward appellant or toward Saylor

and that at the time he was killed had not even drawn his pistol.

Of course, appellant testified to an entirely different state of facts, and he is corroborated by other witnesses, including Roosevelt Saylor whose evidence, given on a former trial, was read to the jury. The credibility of witnesses and the weight to be given their evidence are matters exclusively within the province of the jury, and if there is evidence of a probative value on which to base a verdict, it should not be disturbed. The jury may believe the testimony of one witness to the exclusion of the testimony of other witnesses whose evidnece is in direct conflict therewith. Oldham v. Commonwealth, 228 Ky. 307, 14 S. W. (2d) 1065; Blanks v. Commonwealth, 223 Ky. 484, 3 S. W. (2d) 1105; Stewart v. Commonwealth, 225 Ky. 731, 9 S. W. (2d) 1087.

It is further insisted that the court erred in not granting a new trial on the ground of newly discovered evidence. There was evidence to the effect that Simpson at the time he was killed had upon his person two pistols, a considerable sum of money, and a warrant for the arrest of Marvin Miller; that when the body was found after the killing neither the pistols, money, nor warrant were found.

Affidavits of the newly discovered witnesses are to the effect that they saw a son or some relative of the deceased with a pistol fitting the description of one of the pistols in possession of the deceased at the time he was killed. One of the affidavits has a statement to the effect that the affiant was with Simpson in the afternoon before he was killed in the evening, and at that time Simpson had no money. One of the newly discovered witnesses, Jessie W. Howard, appears to have been a witness on both trials of this case and was one of the newly discovered witnesses referred to in the motion and grounds for a new trial on the first trial. If new trials are to be granted on the newly discovered evidence of a witness who has twice testified, it would be practically impossible to bring any prosecution to a final conclusion. We have carefully considered the affidavit of appellant and have reached the conclusion that it does not disclose the exercise of a proper diligence. Fuson v. Commonwealth, 162 Ky. 341, 172 S. W. 646; Mullins v. Commonwealth, 185 Ky. 326, 215 S. W. 56.

It might further be said that a new trial should not be granted on account of newly discovered evidence unless it is of such a decisive character as would probably lead to a different result. Branch v. Commonwealth, 200 Ky. 227, 254 S. W. 746. In our opinion, the newly discovered evidence on which appellant relies for a new trial is not of such a character as would likely have a controlling effect on the verdict of a jury.

The fourth and last ground urged by appellant's counsel is that the court committed an error in admitting incompetent evidence offered by the commonwealth and in refusing competent evidence offered by appellant. We have considered all the evidence called in question in the brief of appellant's counsel, and we find no objection was made to the admission of some of the alleged incompetent evidence. The general rule is that this court will not consider alleged error in admission of evidence when no objection is made at the time. Belcher v. Commonwealth, 181 Ky. 516, 205 S. W. 567, and cases cited.

The most serious objection raised by appellants' counsel is that the court did not permit evidence as to some trouble between Elihu Simpson and a brother of Arthur Saylor at a school trustee election on Saturday before the slaying of Simpson on Sunday. One witness was asked who the candidates for trustee were. The court sustained an objection and a long avowal was made. The avowal was, in substance, that Sol Simpson and Sam Singer were candidates; that Elihu Simpson asked to be allowed to vote, but his request was refused by Arthur Saylor, and he thereupon cursed, drew his pistol, and said the Saylors were not going to take the election. There is evidence for appellant to the effect that when Simpson met appellant and Roosevelt Saylor he said, "Hold on there, Arthur," and began punching Roosevelt with a pistol. It is argued that appellant mistook Roosevelt Saylor for Arthur Saylor and was attempting to renew the difficulty or trouble that had occurred at the election. The court properly refused to go into evidence as to trouble at the school election in which appellant and his codefendant were in no way involved. In this connection, we might also call attention to evidence showing that a short time before the difficulty arose, Elihu Simpson saw Arthur Saylor arrested and knew that he had been taken to Pineville, several miles from Blackmont where this tragedy occurred.

Finding no error in the record prejudicial to appellant's substantial rights, the judgment of the lower court is affirmed.