## Bingham v. Commonwealth.

*(Decided March 8, 1932.)*

HIRAM H. OWENS for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Reversing.

The appellant was convicted of the offense of aiding and abetting Wyndon Quinn in detaining a female against her will with intent to have carnal knowledge of her, sentenced to serve two years in the penitentiary, and appeals.

The proof for the commonwealth shows that appellant, a white man, was engaged in the trucking business at Corbin, that Quinn, also white, was working for him, and that their reputations were not very savory; that about 8:30 one evening in the latter part of May, or the early part of June, 1930, Eva Pennington, a colored girl who worked at a beauty shop in Barbourville, was on her way home; that Bingham and Quinn were parked on High street in a Dodge sedan, Bingham being at the wheel; that they were not engaged in conversation with anyone and there was no one around the machine except themselves; that as the Pennington girl passed the automobile the Quinn boy got out of the car, went up to her, and asked her where she was going, that she asked him in turn why did he care, and that he said something which she did not understand; that as she kept walking along, the Quinn boy got back in the car; that appellant started it up and drove it past the girl; that as he did he called out to her, and she told him and Quinn both "to go to hell"; that they drove a little further down the street, stopped the machine, and the Quinn boy jumped out; that he went over to where the girl was coming along, said "come here," and grabbed her; that as she tried to pull loose from him, he hit her in the mouth with his fist, knocking a tooth out and loosening another; that she cried out for help; and that as some passersby came up to her assistance, the Quinn boy jumped back into the machine which appellant turned around and drove back to the central part of town. On the other hand, the proof for the defense is that while it is true the machine was parked on High street as the commonwealth established, appellant was talking to a man by the name of Helton (whom he did not produce on the trial to corroborate him) about doing some hauling for him, that as the Pennington girl came by the Quinn boy asked her if they could not drive her home in the machine, and that she thereupon called him "a s—— of a b——"; that appellant did not hear this epithet, as he was in close conversation with Helton, but when the Quinn boy got back in the machine and it was started for the purpose, as appellant says, of taking the Quinn boy home to change his shirt, the latter told appellant what the girl had called him, whereupon the appellant laughed; that as they passed the girl the Quinn boy asked appellant to stop as he wished to get out and ask the Pennington girl what she meant by calling him "a s—— of a b——"; that he

stopped the machine as requested and the Quinn boy got out; that as he approached the girl she hit at him, whereupon he hit her in the face with the results established by the commonwealth; that when she cried for help and the passersby came up, he did turn the machine around as the commonwealth had shown and, with the Quinn boy in it, made his way back to the central part of town.

The first ground urged for reversal is that the appellant was entitled to a peremptory instruction. To support this contention, appellant argues first that under the indictment he could not be convicted as an aider and abetter but only as a principal. He was jointly indicted with the Quinn boy, the first count of the indictment charging them both with having jointly detained the Pennington girl against her will "for the purpose of having carnal knowledge of her themselves," and the second count charging them with having conspired together and gone forth for the purpose of detaining the Pennington girl with intent to have carnal knowledge of her. By its instructions, the court submitted to the jury only the question whether or not appellant had aided, assisted, and abetted the Quinn boy in detaining the Pennington girl against her will with intent to have carnal knowledge of her. Appellant argues that as he was not indicted as an aider and abettor, the court was not authorized to give the instruction it did, and as the proof, in no event, showed that he acted as principal, he was entitled to the peremptory instruction he requested. A like contention to that now made by appellant was presented in the case of Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001, 1003, and was there disallowed. We said:

"The petition [for rehearing] complains only of the failure of the court to pass upon the alleged error of the trial court, in authorizing a conviction of the appellants, or any of them, for aiding and abetting in the commission of the crime, when the indictment charges no aiding and abetting, but is merely a joint indictment against each of the defendants, charging them jointly as principals with the commission of the crime.

"The correct rule appears to be that, where a defendant is alone indicted and charged as principal with the commission of a crime, and the evidence discloses that, while he did not actually commit the crime, he was present and aided and abetted another,

or others, in so doing, there can be no conviction under that indictment for aiding and abetting, for the reason that he has not been brought into court charged with aiding and abetting. But where two or more defendants are jointly indicted, charged as principals with the commission of a crime, and there is nothing said about aiding or abetting, if the evidence discloses that one of them was the chief perpetrator, and the other or others present and aiding and abetting, an instruction authorizing their conviction for aiding and abetting is proper, because they are all regarded as principals.''

There is no merit then in the contention appellant first advances to support his motion for a peremptory. He next insists in support of that motion that the evidence fails to establish that there was any detention of the Pennington girl with intent to have carnal knowledge of her but at the most, only the commission of an assault and battery upon her. Inasmuch as this case must be reversed because, as we shall see, the court failed to give the whole law of the case in its instructions to the jury, we will not pass on this contention of the appellant but expressly reserve the question.

It will be remembered that the court in its instructions submitted only the question of whether or not appellant aided, assisted, and abetted the Quinn boy in the detention here complained of. Appellant argues that he was entitled to an instruction submitting to the jury whether or not appellant aided, assisted, or abetted the Quinn boy in committing an assault and battery upon the Pennington girl without any intent to have carnal knowledge of her. In this we think appellant is correct. The Quinn boy did not detain the Pennington girl when he first accosted her. If the evidence for the defense is to be believed, the second time he addressed her, he was very angry, because of the epithet which he claims she had hurled at him and he was seeking an explanation and perhaps an apology. There was no intent on the part of him or of appellant, if their evidence is believed, to have carnal knowledge of the Pennington girl, and if he did unjustifiably assault her, it was not with such intent. Section 264 of the Criminal Code of Practice provides:

''If an offense be charged in an indictment to have been committed with particular circumstances

as to time, place, person, property, value, motive or intention, the offense without the circumstances, or with part only, is included in the offense, although that charge may be a felony, and the offense, without the circumstances, a misdemeanor only.''

Applying the provisions of this section to the fact of the instant case, we have presented a case where the jury would be unquestionably justified in believing that an unjustifiable assault had been committed upon the Pennington girl; if it should believe that this assault was with intent to have carnal knowledge of her, then the charge as literally set forth in the indictment would be established; but if the jury should believe that there was no such intent but only anger at a fancied insult, then the offense of detention set out in the indictment, but without the particular motive or intention as therein set forth, would be established. This latter offense is included within the former and appellant was clearly entitled to an instruction submitting this theory of the case to the jury.

For the error in failing to submit such theory, the judgment must be reversed for a new trial consistent with this opinion.