# Nolan et al. v. Commonwealth.

Feb. 24, 1942.

Roy W. House for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The grand jury of Clay county returned an indictment against Jeremiah Nolan and Preston Stewart charging them with the crime of rape. In the body of the indictment it was charged that they unlawfully, feloniously, wilfully, and violently made an assault upon Rhoda Bowling, a female person more than twelve years of age, and had carnal knowledge of her forcibly against her will and without her consent. They were tried together and both were convicted of the crime of unlawfully detaining a woman against her will with intent to have carnal knowledge of her, and the punishment of each was fixed at imprisonment for a term of five years. They seek a reversal of the judgment on the grounds that (1) the court erred in overruling the demurrer to the indictment; (2) incompetent evidence was admitted over their objections; and (3) the verdict is not sustained by the evidence.

It is argued that the act constituting the crime of rape can be committed by only one person, and since appellants were charged as principals in one indictment. there was a misjoinder of parties. In this jurisdiction the principal actor, aider and abettor, and accessory before the fact are parties in the first degree and may be so

indicted. Kentucky Statutes, Section 1128; Bradley v. Commonwealth, 284 Ky. 340, 144 S. W. (2d) 819; McKinney v. Commonwealth, 284 Ky. 16, 143 S. W. (2d) 745; Shivley v. Commonwealth, 227 Ky. 748, 14 S. W. (2d) 205; Watkins v. Commonwealth, 227 Ky. 100, 12 S. W. (2d) 329; Grapes v. Commonwealth, 202 Ky. 760, 261 S. W. 271; Travis v. Commonwealth, 96 Ky. 77, 27 S. W. 863. Section 1128 of the Kentucky Statutes makes an aider or abettor equally guilty with the principal, and subjects both to the same punishment. In Clymer v. Commonwealth, 64 S. W. 409, 410, 23 Ky. Law Rep. 1041, the court said:

> "Under a charge that appellant committed the rape, he might be convicted as principal in the second degree, if present aiding and abetting another in its commission."

In Bingham v. Commonwealth, 242 Ky. 676, 47 S. W. (2d) 522, Bingham and another were jointly indicted for having detained a woman against her will for the purpose of having carnal knowledge of her. By its instructions the court submitted to the jury only the question whether or not Bingham had aided, assisted, and abetted his co-defendant in detaining the woman against her will. It was held that this was proper.

Appellants were accused of making an assault upon Rhoda Bowling, a thirteen year old girl. Rhoda Bowling testified that on the day of the alleged crime she left her home riding a mule to go to the home of a relative. She overtook Sara Stewart, a thirteen year old girl, sister of appellant Preston Stewart. Sara Stewart got on the mule behind Rhoda Bowling and they rode down the road until they overtook appellants who also were riding a mule. Sara Stewart got off the mule on which she had been riding and got on Nolan's mule, and Preston Stewart then rode behind Rhoda Bowling on her mule. It seems they spent some time riding back and forth along the road near Jeremiah Nolan's home. Rhoda Bowling testified that appellants forced her to drink some whisky, then took her to a barn on the Nolan place, took her off the mule and into the barn where Jeremiah Nolan held her while Stewart had sexual intercourse with her. During this time Sara Stewart remained outside the barn. No one else was present. Rhoda Bowling testified that she became unconscious, and that when she regained consciousness several hours

later she was at the home of Phil Wilson. Phil Wilson testified that he lived near the Nolan barn, and that he saw appellants and the two girls riding along the road. About 4 o'clock in the afternoon he heard a girl screaming in a building, referred to in the evidence as the "voting house," which was located a few hundred feet from the Nolan barn. Accompanied by his brother, Stephen Wilson, he went to the voting house and found the door latched from the outside. He knocked on the door and no one answered. He then unlatched the door and shoved it open and found Rhoda Bowling lying on the floor unconscious, her person exposed, and Preston Stewart standing or sitting nearby. At that time Jeremiah Nolan and Sara Stewart were standing a short distance from the voting house. The Wilsons carried Rhoda Bowling to their home where she remained unconscious until 11 o'clock that night. Shephen Wilson corroborated his brother.

It is argued by appellants that the testimony of Phil Wilson and Stephen Wilson concerning acts committed at the voting house subsequent to the acts at the Nolan barn was inadmissible since it was testimony concerning a separate offense. The court admonished the jury that it was not substantive evidence of the guilt of either of the defendants, and not to consider it as against Jeremiah Nolan for any purpose and as against Preston Stewart it could be considered only by them for the purpose of corroborating the testimony of the prosecuting witness as to what she claimed had occurred at the Nolan barn if the jury believed it had a tendency to corroborate her testimony, and unless they so believed they should not consider it for any purpose. We think the testimony of the Wilsons was competent, and that the court limited its effect to a far greater degree than was warranted under the circumstances. The voting house was only a few hundred feet from the Nolan barn. Several witnesses saw appellants place Rhoda Bowling on a mule at the Nolan barn and go in the direction of the voting house. The acts at the voting house testified to by the Wilsons occurred within a few minutes after appellants and the prosecuting witness left the Nolan barn. The facts related by the various witnesses constituted one continuous transaction. The same complaint as to the admission of testimony concerning other acts and other offenses committed successively on the same night was made in Shivley v. Commonwealth, 227 Ky. 748, 14 S. W.

(2d) 205, 207. There the indictment charged that the four defendants while acting jointly and one with the other did unlawfully and feloniously rape, ravish, and carnally know against her will and consent a woman over twelve years of age and under eighteen years of age. The commonwealth was permitted to prove by the prosecuting witness that the four defendants took her in an automobile and kept her out all night, each of them repeatedly mistreating her. In holding that the admission of this evidence was proper, the court said:

"The series of crimes was so connected and continuous that it could scarcely be related in part, or otherwise than was done."

And further:

"The commonwealth was not required to confine its testimony to any single part of the transaction, but was justified in proving everything that occurred, from the time that the four defendants took charge of the wandering young woman and placed her in appellant's automobile until the termination of the whole execrable excursion."

It is not claimed the verdict is not sustained by the evidence if the testimony of the Wilsons is competent, but even without that testimony we think there was sufficient evidence to take the case to the jury. The appellants denied that they raped, assaulted or detained the prosecuting witness and they are corroborated to some extent by several members of the Nolan family, but the jury could reasonably have based a verdict on Rhoda Bowling's testimony alone. Carter v. Commonwealth, 278 Ky. 14, 128 S. W. (2d) 214; Mullins v. Commonwealth, 246 Ky. 748, 56 S. W. (2d) 370; Ely v. Commonwealth, 239 Ky. 638, 40 S. W. (2d) 276.

Aside from the reasonable doubt instruction and an instruction defining the terms "wilfully" and "feloniously," the court gave three instructions. Instruction No. 1 was based on Section 1154, Kentucky Statutes, and submitted the issue of rape as to Preston Stewart alone. Instruction No. 2 was on aiding and abetting and applied to Jeremiah Nolan alone. Instruction No. 3 was on the unlawful detention of a woman, a lesser degree of the offense charged in the indictment and submitted in instructions 1 and 2. Appellants were convicted under instruction No. 3. Their criticism of the instruc-

tions applies to all alike, and is based on the theory that the testimony of Phil Wilson and Stephen Wilson should have been excluded and the instructions should have been confined to acts at the Nolan barn. Since we have concluded that the testimony of the Wilsons was competent, the criticism of the instructions is without merit.

We find no error prejudicial to appellants' substantial rights, and the judgment is affirmed.