## Crabtree v. Commonwealth.

Nov. 13, 1942.

J. C. Bird for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant was convicted of detaining against her will, with intent to have carnal knowledge of her, a female under sixteen years of age, and was sentenced to three years in the penitentiary. The fourteen year old prosecuting witness testified that the offense was committed while she was beside her dying mother who had been injured an hour or so before while "joy riding" with appellant, Columbus Wilson, and another man. They had brought the fatally injured woman home that night and placed her on the bed, and during the ensuing confused period, while attempts were being made to send word to the injured woman's sister and procure a doctor, appellant offered the girl $5 "for a little," and, continuing in her language:

"A. * * * he got ahold of my leg and I got away and got on the other side of the bed and was working with Mamma and he chased me from one side of the bed to the other and I was afraid and I woke Buddy up (her twelve year old brother) and got him to come in there and he come in there.

"Q. How many times did Crabtree chase you from one side of the bed to the other? A. Before my brother came in three times.

"Q. How many times did he offer to give you money if you would do something with him? A. Once.

"Q. And he took hold of your leg? A. Yes sir.

"Q. Just indicate where he took hold of you. A. He took hold of my leg right here (indicating).

"Q. Above the knee. A. Yes, above the knee.

"Q. And where were you when he did this? A. I had my arm around mother fanning her."

Appellant vehemently denied the occurrence, and the only corroboration of the prosecuting witness's story, if it could be considered such, was the testimony of the brother that he was awakened by his sister who stated that she was "afraid of Isham;" whereupon, he put on his clothes and went into his mother's room where he found appellant and Columbus Wilson.

In portions of her testimony before the Grand Jury, the prosecuting witness had stated that Columbus Wil-

son was the offender, and at the Coroner's inquest she failed to mention the incident, although she was asked if she had told all that had occurred. But in other portions of her testimony before the Grand Jury she named the appellant as the wrongdoer, and it is plausibly argued for the Commonwealth, and so testified by the prosecuting witness, that she had used Columbus Wilson's name inadvertently, since the latter had not, in fact, molested her. It is also pointed out that the questions asked her at the Coroner's inquest related solely to the circumstances of her mother's death. There was testimony tending to indicate that the prosecuting witness, shortly after the night in question, had made conflicting statements as to where the offense occurred and who was present; but, in the final analysis, we are confronted with the single question, whether appellant or the prosecuting witness testified truthfully.

While it is difficult to conceive how even the most depraved could commit such a crime in the presence of a dying woman, experience shows that sexual impulses frequently override ordinary inhibitions, especially when inflamed by the use of intoxicants, of which, the testimony indicates, appellant had had an ample supply. But speculation on this subject is useless, unless we are to assume the prerogative of substituting our judgment of a witness's veracity, otherwise unimpeached, for that of the jury's, a prerogative forbidden by the organic law.

In addition to asserting that the verdict is contrary to the evidence and should be set aside for that reason, appellant contends that the Court should have added to the instructions given an instruction on the misdemeanor of assault and battery. But the rule is that where the touching or holding of the person of the female could have had no other object than to take or detain for the purpose of sexual intercouse, the offense of assault and battery is not involved. Had the appellant contended, or if the evidence had indicated that his contact with the prosecuting witness's body was for any other purpose than to induce or compel sexual commerce, the failure to present such defense by an instruction on assault and battery would have constituted reversible error. On the testimony actually presented, there was only one issue, namely, whether the defendant had committed the acts charged against him by the prosecuting witness, the in-

tent of which, in the light of the language employed and the surrounding circumstances, was unmistakable. Muncy v. Commonwealth, 274 Ky. 746, 120 S. W. (2d) 389; Monday v. Commonwealth, 258 Ky. 764, 81 S. W. (2d) 599.

Judgment affirmed.