# Curtis v. Commonwealth.

Oct. 5, 1943.

Jas. C. Carter, Jr., for appellant.

Hubert Meredith, Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Curtis was convicted of detaining a female against her will with intent, etc., KRS 435.110, the jury imposing a sentence of two years' confinement. Appellant set up numerous technical grounds in support of his motion for a new trial, numbers 1 to 4, inclusive, and in addition the following:

(5) The court erred in overruling motion for a directed verdict at the close of Commonwealth's and all testimony. (6) The verdict was not supported by any

evidence of an intention on the part of appellant to engage in carnal intercourse with prosecutrix, and was the result of passion and prejudice on the part of the jury; (7) The court erred in failing to give an instruction on the law of assault and battery.

Grounds 1 to 4, inclusive, may be readily disposed of. In the first place the "grounds" do not contain an allegation that there was objection on the part of the appellant to any of the alleged erroneous proceedings. The record does not show objections or rulings of the court. We shall consider grounds 5 to 7, inclusive, which necessitates a brief summary of the evidence, which insofar as pertinent is embraced in the testimony of prosecutrix and appellant.

The episode occurred about 6 a. m., July 7, 1942, when Thelma Riddle, a young woman who lived in the country, was on her way to the Health Office in Burkesville where she was employed. She and appellant were close neighbors, and as far as the record shows were on friendly terms. Prosecutrix was in the habit of leaving home about six o'clock each morning, walking a short distance to the main highway, there to join a friend who gave her transportation to Burkesville. Her custom was known to appellant. On the particular morning, when she had gotten half way to the high road, she saw appellant on the side of the wagon road with a gun. Some words passed, and she proceeded for about ¼ of a mile when she heard a noise in the bushes, and appellant hurriedly stepped out and stopped her. He remarked that he "wanted to tell her something," and grabbed her by the arms, "with an awful expression on his face," saying to her, "Don't you tell this." She begged to be turned loose, and finally succeeded, but appellant grabbed her again, "drawing her up to him" and trying to place his hand over her mouth. She insisted that if he did not desist she would scream, and she did so twice, hoping a neighbor would hear her. Appellant turned her loose, and she started back home for the purpose of telling her mother. Appellant again intercepted and kept saying to her that she had better not tell what had taken place. A threat of the possible approach of a neighbor caused him to cease to detain her; she went home and reported the incident to her mother.

Appellant testified that he was hunting squirrels on the particular morning and came from the undergrowth

into the path which prosecutrix was taking to the high road. He said that she merely said that his sudden appearance frightened her, and he remarked that he "didn't mean to;" that she proceeded toward the road, and he went through the woods and to his home. Appellant denied that he said to her, "I want to tell you something;" denied that he touched her person, or made any proposal, or that he intended to do her harm, or that he told her that she must not tell what had taken place.

Insofar as the question of guilt or innocence of appellant is concerned, it turned on whether the jury believed prosecutrix or appellant. Nolan v. Com., 290 Ky. 482, 161 S. W. (2d) 593. There was no other evidence of probative value, except perhaps the testimony of one witness who heard a woman scream, and later saw a woman's tracks where the path comes out to the road, and at "the other place a man's and woman's tracks," indicating that there had been a "right smart tramping around."

There is nothing, as we read the evidence, which would lead to a conclusion that the jury was moved by passion or prejudice. The prosecutrix gave a straightforward, clear and impassioned account of what happened. In describing the appearance of appellant at the time, she made it clear that his movements were not actuated by anger, or a purpose to beat, bruise or maim her, but, as she concluded, to have intercourse with her. His continued warning for prosecutrix to hold silence would lend to the inference which she gathered, and which, from the facts, the jury was justified in reaching. There is presented just another of those cases of clear assertion and denial, in which the jury is the sole judge of guilt or innocence. This being true, we must hold that grounds 5 and 6 are without merit.

The trial court gave the jury an instruction on the law of detaining, etc., coupled with the doubt instruction. Counsel for appellant insists that the court should have given an instruction on assault and battery, particularly so since the prosecutrix says she was bodily assaulted, and that appellant did not in so many words propose intercourse, relying on Muncy v. Com., 274 Ky. 746, 120 S. W. (2d) 389. Counsel frankly admits that there is room for the inference that appellant detained prosecutrix for the purpose of carnal knowledge, but seriously contends that since there is flat contradiction

of such intent, and a showing of a placing on of hands, the jury should have been permitted to determine whether appellant had committed a felony or misdemeanor.

The contention of appellant would carry weight, if it were not for the fact that there is no basis for the belief that the assault here claimed by prosecutrix was occasioned by any other motive or for any other purpose than the one charged. The two parties were neighbors; on friendly terms; no previous difficulty or misunderstanding is manifested, and what occurred at the time of the admitted meetings would present no reason for a mere assault.

The opinion in the Muncy case, supra, cited by appellant was based on somewhat different facts, as will be noted by a casual reading. The proof tended strongly in that case toward showing that the accused merely grabbed prosecutrix' hand to prevent her from joining other persons who were passing. Here the appellant first accosted the prosecutrix when alone on the path, and again accosted her at another point, insisting that she not divulge what had occurred. His movements and words, his drawing her to him, and the scuffle, would indicate to any reasonably minded person that his purpose was other than the ordinary assault.

Our opinions demonstrate the well settled principle that where there is interference with the free movements of a female, or a touching or holding with no other manifest object than that here charged, the offense is complete, and the offense of assault and battery is not involved. See Weiser v. Com., 201 Ky. 176, 256 S. W. 16; Brown v. Com., 188 Ky. 814, 224 S. W. 362; and the recent opinion in Crabtree v. Com., 292 Ky. 64, 165 S. W. (2d) 981; and Nerren v. Com., 268 Ky. 715, 105 S. W. (2d) 838.

Finding no error which would authorize us to direct a new trial, the judgment must be and is affirmed.