## Ware v. Commonwealth.

(Decided November 4, 1910.)

### Appeal from Christian Circuit Court.

Manslaughter—Threats by Deceased—Proof of—Instructions—Intimation as to Character of Deceased.—In a prosecution of a defedant for manslaughter, it is relevant for him to prove that the deceased was dangerous and violent; that he had previously assaulted accused with a deadly weapon, had laid in wait for him and threatened his life, which matters are to be considered by the jury in determining whether accused had reasonable grounds to believe, and did believe, he was in danger of his life. But it is not the law nor should it be intimated in the instructions, that a bad man, however lawless a character he is, may be killed on sight by any one whom he had previously threatened or assaulted. Self-defense, or necessary defense of another at the time of the killing, is the only legal excuse for taking life.

HESTER & ALLINSWORTH for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant was convicted of voluntary manslaughter, and appeals.

It was his claim on the trial that he had been previously assaulted with a deadly weapon, waylaid, and threatened by the person whom he afterwards killed, and who was shown by some evidence, was a dangerous and violent man. It was, therefore, appellant moved the trial court to instruct the jury on those aspects of his case as was laid down in Oder v. Commonwealth, 80 Ky. 32; 4 R. 18. But that opinion was overruled, and none too soon, in Reynolds v. Commonwealth, 114 Ky. 912, which later case was followed and approved in Conner v. Commonwealth, 118 Ky. 497. It is relevant to prove that the deceased person was dangerous and violent, that he had previously assaulted the accused with a deadly weapon, that he had laid in wait for the accused, or that he had threatened his life. These matters are to be considered by the jury in determining whether the accused had reasonable grounds to believe, and did believe he was in danger of his life' or great bodily injury at the time of the fatal combat. But the facts in evidence should not be commented on and grouped in the instructions. It is not the law, nor should it be intimated to the jury that it is, that a bad man, however lawless a character, may be killed on sight by any one whom he had previously threatened or assaulted. Self-defense or necessary defense of another at the time of killing is the only legal excuse for taking such life. (Reynolds v. Commonwealth, supra; Commonwealth v. Rudert, 109 Ky. 658; Ray v. Commonwealth, 19 R. 1219.) Appellant's motion for the particular instruction was and should have been overruled.

Judgment affirmed.