## Mullins v. Commonwealth.

(Decided November 3, 1916.)

## Appeal from Breathitt Circuit Court.

1.  Criminal Law—Continuance—Absence of Counsel.—A continuance will not be granted on account of the absence of one of several counsel, unless it appears that the defendant can not have a fair trial without the presence of such counsel.
2.  Homicide—Threats.—Threats, menaces or previous assaults will not excuse the taking of human life, unless at the time and place of the killing there is either a necessity or apparent necessity to kill, in order to avert a danger then and there impending, either real or apparent.
3.  Criminal Law—Self Defense—Evidence.—It is always competent to prove upon a plea of self defense, when the evidence tends to show any necessity or apparent necessity, at the time and place of the killing, threats, menaces, and previous assaults of the deceased upon the accused, to show the beliefs, motives and necessities of the accused, or the probable aggressor, but such facts should not be grouped in an instruction and it given, as it unduly emphasizes these facts, to the prejudice of the other facts of the case.

T. T. COPE, A. S. JOHNSON, A. H. PATTON, E. E. HOGG and HAZELRIGG & HAZELRIGG for appellant.

M. M. LOGAN, Attorney General, and CHARLES H. MORRIS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, Clabe Mullins, and Lum Bellamy were neighbors and resided on the Bear Branch, of Buckhorn, in Breathitt county. On the 4th day of March, 1916, they became involved in an altercation, with each other, which resulted in the appellant shooting and killing Bellamy. The appellant immediately proceeded to Jackson and there delivered himself up to the jailer of the county to await trial for the crime. On the 4th day of April, following, the grand jury returned an indictment against him, charging him with the crime of wilful murder, and on the same day he was brought into court and the case was set for trial for the 14th day of April. On the 14th day of April, when the prosecution was called for trial and the Commonwealth's Attorney announced ready for trial, the appellant filed an affidavit and moved the court for a continuance of the case to the next term of the court

or to some future day of that term on account of the absence of one of his attorneys, A. S. Johnson. The court overruled the motion for a continuance or postponement and the case proceeded to trial. The jury found the appellant guilty of the crime of voluntary manslaughter and fixed his punishment at imprisonment for not less than twenty years nor for a greater time than twenty years and six months, and the court rendered a judgment in accordance with the finding of the jury. A motion to set aside the verdict and judgment and to grant him a new trial was made by the appellant, but was overruled and hence this appeal. The grounds upon which the judgment is sought to be reversed are:

(1) The court erred in overruling the motion for a continuance of the case to the next term or postponement of the trial of the case until A. S. Johnson, an attorney for the appellant, could be present.

(2) The court erred to the prejudice of appellant in admitting, over his objection, incompetent evidence to be heard by the jury, and in refusing to admit competent testimony to be heard in his behalf.

(3) The court misinstructed the jury, and refused to instruct the jury upon the entire law applying to the case.

(a) When the action was called for trial, the appellant sought a continuance for no other reason than the absence of one of his attorneys. The record shows that he had two other attorneys, who were present and who engaged in and assisted him in the defense of the accusation against him, upon the trial. The affidavit made by himself and upon which he based his request for a continuance or postponement of the case, in substance, stated, that he was relying upon the efforts and ability of the absent attorney to defend him; that he was the first attorney employed by him to defend the action; that he had paid to him some portion of a fee; that he had consulted with him in regard to the case and had related the testimony to him, and that the absent attorney was the only one of his attorneys who was familiar with what he expected to prove by the witnesses in his behalf; that the attorney was acquainted in the county, and he was relying upon him to select the jurors for the trial; that he was informed that the attorney was unavoidably detained at Lexington, Kentucky, but if the case was continued or postponed to some future time,

that he would be able to secure the presence of the attorney. The affidavit does not disclose when the appellant employed the other attorneys, which might have been upon the same day, but after the employment of the absent attorney, neither does it say that his other attorneys did not reside in Breathitt county, or were any less acquainted in the county or any less able to make a selection of suitable jurors for the trial of the case than the absent attorney. Neither does the affidavit state that he had not consulted with his other attorneys, nor any reason why he had not done so, or had not acquainted them with the testimony in the case. The affidavit does say that the absent attorney is the only one of the attorneys who was familiar with what he expected to prove by his witnesses, but it does not give any reason for the other attorneys want of familiarity with the expected evidence, or any reason why his other attorneys could not familiarize themselves with what the appellant expected his witnesses to prove, sufficiently for the purposes of the trial. There is neither reason for the absence of the attorney, nor when he might be expected to return, given in the affidavit. Neither of the appellant's attorneys, who were present, filed an affidavit containing any reason why they could not take care of the defense of appellant as efficiently and fully as the absent attorney. It is only in certain extreme cases that the mere absence of one of several counsel is a ground for a continuance. The affidavit in this case does not show a state of case with the features which demanded a continuance, in order that the accused might have a fair trial, as the case of Bates v. Com., 13 R. 135, or Leslie v. Com., 19 R. 1203, or Cornelius v. Com., 23 R. 771, or Wilson v. Com., 134 Ky. 670. In the first named case, the affidavit showed that the accused were out of their own county, and the circle of their acquaintances, and one hundred miles from their homes, and in jail; that the absent attorney was an officer of the United States government and necessarily detained at another place; that he would be present in court on the second day after the case was called for trial; that he had been present at the examining trial, and that on account of their confinement in jail, he knew the facts which would be proven better than any one else, including the accused. The accused only learned on the day that the case was called for trial, that their attorney would not be present, and were thus taken by

surprise, which no ordinary prudence could guard against. In Leslie v. Com., *supra,* the only local counsel which the accused had was unexpectedly absent on the morning the case was called for trial, and without any notice to the accused of his intended absence. In Cornelius v. Com., *supra,* the local attorney of the accused, who had talked with the witnesses and alone knew the facts which could be proven in his defense, and was without fault on his part or that of the accused absent, and the other attorneys for the accused did not reside in the county of the trial. In Wilson v. Com., *supra,* the accused was friendless and in jail, and his attorney was confined to his room from illness. In the above mentioned cases, this court held that the accused were entitled to have had continuances of their respective cases. The combined circumstances, which entitled the accused to continuances in those cases, are absent from this one. "Absence of an attorney for a defendant in a criminal trial is not sufficient grounds for a continuance, unless it can be made clearly to appear, that without the presence of such attorney the accused could not have a fair trial." Tolliver v. Com., 165 Ky. 312; Stephens v. Com., 9 R. 742, 6 S. W. 456; Brown v. Com., 7 R. 451; Cook v. Com., 114 Ky. 586, 24 R. 1409. In Brown v. Com., *supra,* it was said:

"To authorize a continuance on the ground of the absence of one of several attorneys, there should be some assurance that he will be present at the next term; and a continuance should never be granted on that account, unless it appears that the ends of justice require the presence at the trial of that particular person selected by the defendant and his counsel, and a fair and impartial trial cannot be had without him."

In the instant case, the record does not disclose that there was anything, which any witness knew, which was beneficial to appellant, which was not presented to the jury by his counsel upon the trial, and that the absent attorney knew anything connected with the trial or the defense of appellant, which his counsel at the trial did not secure the benefit of for him. There is no pretense that there was any witness, who would testify to any fact or circumstance, which was favorable to the defense of appellant, who was not present and testified, and the examination and cross-examination of the witnesses by his attorneys clearly shows that they were

acquainted with what the witnesses would testify to. All of appellant's rights were protected, as far as it lay within the power of an attorney to protect them. There is no suggestion that the jury was other than fair and impartial. It does not appear that anything was left undone for appellant, which the absent attorney could have done. After the trial had been concluded, the absent attorney, A. S. Johnson, filed his affidavit, in which he stated that he was employed by appellant on the 8th day of March to assist in his defense, and that he intended to have been present at the trial, but was taken seriously ill with appendicitis on the day preceding the calling of the case for trial, and was confined to a bed in a hospital at Lexington during the trial; that after his employment he talked with the witnesses for the appellant and thereby became acquainted with all the facts of the case; that he did not impart any of this information to the other attorneys representing appellant, because they were busy and he did not have opportunity. The affidavit, however, does not disclose any fact or circumstance which the affiant had knowledge and of which appellant failed to receive the benefit of upon the trial because of the absence of this attorney. Hence, the court did not abuse its discretion in denying the continuance or overruling the motion for a new trial because of the denial.

(b) After the appellant had shot Bellamy, and had gone away from the place of the killing, he met with one Kazee. Kazee was offered as a witness and after testifying as to the apparent condition of appellant at that time, the attorneys for appellant inquired of the witness, if he, at that time, had any information that Bellamy was hurt. The witness answered that he did not have any such information, until the accused came and called him and told him. The witness was then asked: "Did he (appellant) make any request of you?" An answer to this was objected to and the objection sustained. This ruling of the court is complained of. It is avowed, that if permitted, the witness would have answered that appellant did make a request of him. The avowal does not indicate what the request was, and hence it cannot be known whether the witness should have been permitted to answer or not. The mere fact that appellant made a request, without indicating what it was, was immaterial.

When a witness for the Commonwealth was undergoing a cross-examination, the attorney for appellant inquired of her if she had been married. She answered that she had. She was then asked: "How often?" An answer to this question was objected to and the objection sustained. This ruling is now complained of. There is no avowal made as to what the answer of the witness would have been if permitted to answer, and hence it cannot be known whether the answer would have been competent or relevant.

Evidence was offered by the Commonwealth to the effect, that near to the place where the body of the deceased was lying, immediately after he was killed, an apple tree stood upon the edge of the road, along which the decedent was travelling at the time he was killed, and that a pistol bullet had recently been shot into the tree upon the other side from the body of the deceased, the inference being that appellant had shot the bullet while shooting at the deceased, and thus indicating the relative positions of appellant and deceased at the time. The appellant's attorney asked of a witness, if a certain person had not informed him that he had shot the bullet into the tree. An objection was sustained to an answer to this question, and appellant complains of the ruling of the court. The decision of the court was correct, as the answer would have been simply hearsay.

The appellant testified that he was confined to a hospital for several days. He was then asked, what he did when he was discharged. To an answer to this question objection was made and sustained, and it was avowed that he would answer that he returned to the jail without the custody of an officer. This answer would have been incompetent, as evidence, as it was in the nature of a self-serving declaration, made after the alleged crime was committed, and shedding no light upon it.

(c) The appellant testified that the day upon which he killed the deceased he was passing the residence of deceased, late in the afternoon, and going in the direction of his home; that deceased was near the road, at his wood yard, and when appellant arrived opposite to him in the road, that deceased applied an opprobrious epithet to him and immediately assaulted him with an ax; that deceased threw the ax at him with great force and that appellant barely escaped the blow; that deceased then went toward his house for the purpose of getting a gun,

but was prevented by his wife and her sister; that he then said to deceased, that he was going to cause him to be put under bond to keep the peace; that deceased then said, that appellant might undertake to do so, but that he would never get a warrant served upon him; that he then went to his home and armed himself with a pistol for his protection, and that in a short time he casually met the deceased upon the road, when deceased attacked him with rocks, and in his self-defense he shot and killed the deceased. It was, also, proven that during the day previous, that deceased had threatened the appellant with violence. The appellant insists that the court was in error in failing to instruct the jury, that if he had been threatened and assaulted by the deceased, with the intent on the part of the deceased to kill or seriously harm him, that he then might arm himself to resist attack and go abroad for any lawful purpose, and if he casually met the deceased and had reason to and did believe that deceased was armed and ready to kill or seriously harm him, and from the threats and previous assaults, the character of deceased and the circumstances attending the meeting, he had a right to believe that the presence of deceased put his life in imminent peril and that he could secure his safety in no other way than by killing the deceased, that appellant was not obliged to wait until he was actually assaulted before killing deceased. Without entering into any extended discussion of the law of self-defense, it is sufficient to say, that the right to take human life in self-defense does not exist, unless at the time and place of the killing, the accused has reasonable grounds upon which to base his belief and believes that he is about to lose his life or suffer serious harm at the hands of his adversary. Threats and assaults may occur and yet death or great bodily harm may never occur. Hence, threats nor previous assaults will excuse the taking of the life of an adversary. The law of self-defense arises from necessity. The necessity may be real or it may be only apparent, but the necessity must exist, either real or apparent. Before a slaying can be excused, the necessity for it must exist or it must appear to exist at the time and place of the killing. A fear that in the future or at some other time or place a necessity may exist to kill, will not excuse it. If men could be excused for killing another because of threats or previous altercations, then they might hunt and shoot each other, and be ex-

cused when there was no real or apparent necessity for it. Hence, the necessity for killing another must be a real or apparent danger then and there impending. Hence, the things which must co-exist to constitute self-defense, under a state of facts as in the instant case, are: (1) a belief that a danger of a loss of life or great bodily harm, at the hands of an adversary, exists at the time and place; (2) reasonable grounds upon which to base such belief; (3) a necessity or belief in the exercise of a reasonable judgment, that the necessity exists to shoot and kill the deceased to avert the danger, either real or apparent. The instruction defining appellant's right of self-defense was in accordance with the views expressed above, and gave him all, which, by the law, he is entitled to. It is always competent, when one is accused of guilt of a felonious homicide and seeks to excuse himself by a plea of self-defense, to prove the threats, assaults, menaces and lying in wait, which he has suffered at the hands of the deceased, when there is some evidence of acting in self-defense at the time and place of the killing, to shed the light upon the beliefs, motives, fears and necessities of the accused at the time of the homicide, and in some instances the probability of whether the accused or the deceased is the aggressor, but it is never proper to group these evidences in an instruction, because it places an undue emphasis upon such part of the evidence, to the prejudice of the other testimony in the case. Reynolds v. Com., 114 Ky. 912; Connor v. Com., 118 Ky. 497; Ware v. Com., 140 Ky. 534; Com. v. Rudert, 19 R. 1219; Ray v. Com., 19 R. 1219.

The trial was exceptionally free from error; the evidence was sufficient upon which to submit the issues to the jury; the instructions fairly presented the entire law of the case; the appellant, from all that the record discloses, had a fair trial, and there appears to be no sufficient reason to disturb the judgment, and it is therefore affirmed.