## McCulley v. Elkhorn Coal Corporation.

(Decided February 19, 1924.)

### Appeal from Letcher Circuit Court.

1. Master and Servant—Defective Brakes on Motor in Mine Held Not Proximate Cause of Injury by Cars.—Defective condition of brakes of motor in mine was not the proximate ·cause of injury to an employee, struck by an empty car while engaged in putting sand into the motor, because the defective brakes would not hold, not being injured by reason of any movement of the motor.

2. Master and Servant—Injury by Cars Held Not Attributable to Failure to Instruct Operator of Motor in Mine.—Employee, operating motor in mine, could not attribute injury to· his leg, while standing near the motor, when an empty car ran on him, to employer's failure to instruct as to how to operate motor; it not being necessary to instruct one of common understanding of the danger of placing a foot in front of a car against which other cars are to be shunted.

3. Master and Servant—Brakeman Held Not Negligent in Failing to Warn Motor Operator of Approach of Empties.—Where operator of motor in mine went to certain place to get empties, and knew that brakeman had gone up a few feet for the purpose of bringing the empties down, the brakeman had the right to act on the assumption that the operator of the motor would not assume a position of danger, and was not charged with the duty of exercising ordinary care to stop the cars, or give warning of their approach, until after he discovered the peril of the operator, who was standing with one leg between the motor and the descending empties.

DAVID HAYS, WILLIAM J. COX, H. C. FAULKNER and FAULKNER, STANFILL & FAULKNER for appellant.

E. C. O'REAR and EDGAR PENDLETON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

J. G. McCulley brought this suit against the Elkhorn Coal Corporation to recover damages for personal injuries. At the conclusion of the evidence the court directed a verdict in favor of the defendant and plaintiff appeals.

According to appellant's evidence he had been working for the company four or five months, but had never run an electric motor car. When he reported for duty on February 14, 1916, the acting foreman directed him to run the motor. He told the foreman that he did not know anything about it, but the foreman told him that he could either run the motor or quit. Thereupon he took charge of the motor, went into the mine, collected some dirt cars and brought them on the outside. He then returned to the entry track and backed the motor up to the empties. Thereupon he got off the motor and found the brakes would not hold. Taking a piece of stove pipe, he went to the sand house, obtained some sand and began to fill up the sandbox on the other side of the motor. In doing this he placed his right foot on the track in the rear of the motor, and between it and the two empties. About that time a trip of cars came down, and striking the empties, caused the one next to him to go forward and break his leg. He did not know whether the brakeman on the trip of cars saw him or not.

According to Tom Burkelow, the brakeman who brought down the trip of cars, appellant had had some experience in running a motor, and had also acted as brakeman. On the occasion in question appellant asked him to act as his brakeman. He had already brought

down one trip of cars and appellant knew that he had gone after another trip. He did not turn the cars loose, but rode down on the front car and held the brake. He did not see appellant's foot on the track, and when they struck the empties, they moved forward a short distance.

The petition proceeds on the theory that appellant was injured by the motor and the grounds of negligence are (1) defective brakes, (2) failure to instruct and (3) negligence of Burkelow in turning the cars loose without warning appellant of their approach.

When the motor was moved up to the empties, it was not coupled to the first empty, but was a short distance away. Though appellant claims that he was engaged in putting sand into the motor because the brakes would not hold, he was not injured by any movement of the motor. On the contrary, the motor was standing still. He was in the rear of the motor. His injury was due solely to the movement of the empty which struck his leg. It is apparent, therefore, that the alleged defective condition of the brakes of the motor was the occasion, or remote cause, and not the proximate cause of the injury. L. & N. R. R. Co. v. Keiffer, 132 Ky. 419, 113 S. W. 433.

Nor can the injury be attributed to a failure to instruct. It did not result from any movement of the motor, or from appellant's inability to run, operate or control the motor in the proper way. It was due entirely to the position of his foot, and the movement of the empties. Appellant had brought the motor to the place of the accident for the purpose of getting empties. He knew that the brakeman had gone up the hill only a few feet away to bring down additional empties which were to be coupled to the two empties already there. One of common understanding does not have to be told of the danger of placing his foot in front of a car against which other cars are to be shunted. The danger is obvious and no instruction is necessary.

It remains to determine whether the brakeman, or trip rider, was negligent. Inasmuch as appellant had gone to the place of the accident to get the empties, and knew that the brakeman had gone up the hill a few feet for the purpose of bringing the empties down, it is clear that the brakeman had the right to act on the assumption that appellant would not assume a position of danger, and was not charged with the duty of exercising ordinary care to stop the cars or to give warning of their approach

until after he discovered appellant's peril. While he saw appellant standing by the motor, he did not see his foot on the track because his view was obstructed by the intervening cars, and as the evidence did not show that appellant occupied a place of danger irrespective of the position of his foot, it cannot be said that the brakeman knew of the danger in time to have avoided the accident by the exercise of ordinary care.

Judgment affirmed.

Whole court sitting.