## Forman v. Commonwealth.

(Decided March 22, 1929.)

F. M. JONES for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

James T. Forman was indicted for the murder of Bert Clark. He was found guilty, and his punishment fixed at life imprisonment. He appeals.

The facts as shown by the commonwealth, by one witness, are these: Bert Clark was in the Y at Lynch, Ky., talking with Walter Atkins, who was sitting at a table

there. The first that Atkins heard was a shot. He looked up, and Tucker was standing rather behind him with a gun in his hand. Clark turned to go, and, as he went, Tucker shot a second time; Clark threw up both his hands and told him not to shoot him any more; Tucker waited a second and shot again and walked out. Clark sat down in a chair, then fell out of the chair on the floor, and died in a few minutes. None of the other witnesses for the commonwealth noticed either of the parties until after the first shot was fired, and, while their testimony does not conform entirely with the testimony of Atkins, in many respects they sustain it.

On the other hand, the defendant testified that he went in the Y and got him a drink of water and turned around and started out when Clark walked between him and the door and said, "You are going around telling people that I robbed you." Forman said. "Yes, you did." Clark cursed him and said, "You are a G. D. liar." Forman then walked on to the door and at the door Clark said, "G. D. you I am going to kill you." Forman had then gotten out of the door and was on the second step; believing that Clark had a pistol and was going to shoot him, he drew his pistol and shot, believing that he was in danger of being killed. Clark had his hand under his coat at the time when he came up to him. After the first shot, Clark backed up to the counter, and he fired two more shots right together. He only fired in all three shots. The last two shots did not hit Clark; he died from the first shot. The defendant introduced in his behalf three or four witnesses who saw the occurrence and sustained his testimony. Both the parties were negroes.

The only defense relied upon was self-defense. The defendant offered to testify that Clark, the night before, robbed him and drew a pistol on him, and the woman that he was boarding with took the pistol away from him. He also offered to prove by another witness that he was present on the night before, and that he saw Clark take an ax and draw it on Forman and hit him and take a dollar away from him.

On motion of the commonwealth, the court excluded all the evidence as to what took place on the night before.

It will be observed that, according to the defendant's version of the transaction, Clark came up to him and began the difficulty by referring to what had taken place

the night before and what Forman had said about it. The difficulty Monday night grew out of the difficulty of Sunday night, and, to understand properly what took place on Monday night, it must be considered in the light of what took place on the night before. The rule is that the jury should be placed as near as may be in the light of the circumstances of the parties, and no man could properly understand the conduct of the parties and the reason for their actions in the meeting on Monday night unless he understood what had taken place on the night before. In other words, if on Sunday night Clark had robbed Forman and had drawn a pistol on him and had been disarmed by the woman, and so kept from shooting him, such conduct on his part then might well give Forman reason to believe that he was in danger in the Y when, without this, the conduct of Forman in the Y would not warrant such belief on his part. In Kennedy v. Com., 14 Bush, 352, the court thus stated the rule:

"Threats, menaces, assaults, lying in wait, carrying arms, the character of the deceased for violence or lawlessness, the circumstances of the meeting, and any other fact tending to show that the slayer was in peril at the time of the homicide, or that he had reasonable grounds upon which to believe he was in such peril, may all be given in evidence for the purpose of showing that there were grounds to believe he was then in danger."

In White v. Com., 125 Ky. 699, 102 S. W. 298, 31 Ky. Law Rep. 271, White showed that the deceased had previously made an attack on him with a knife, and also at another time with a club a year or more before the homicide. The court excluded the evidence; holding that this was error, the court said:

"It is insisted for appellant that this ruling of the trial court was error, and in that conclusion we concur, for the excluded testimony, as well as the threats of Layne and his bullying and contemptuous manner toward appellant when they chanced to meet was admissible as tendng to show his animus toward appellant, and whether or not the latter at the time of the homicide had reasonable grounds to believe and did in good faith believe that he was in peril at the hands of Layne."

To the same effect see Blanton v. Commonwealth, 147 Ky. 812, 146 S. W. 10; Mullins v. Commonwealth, 172 Ky. 92, 188 S. W. 1079.

Ross v. Commonwealth, 202 Ky. 204, 210, 259 S. W. 53, holds the same rule, but the judgment there was affirmed on the ground that "the court permitted appellant and other witnesses to testify directly concerning all these facts in such minute detail that we do not consider the errors, if such they were, of a prejudicial nature or of such character calculated to prevent the accused from having a fair and impartial trial." This cannot be said here. All the facts as to what took place the night before were excluded. What took place when they next met could only be properly understood if considered in the light of what had gone before. The previous conduct of the accused may have given the appellant reason to believe he was then in danger, when without this he would have had no reason to so believe.

Judgment reversed, and cause remanded for a new trial.