## Taylor v. Commonwealth.

Jan. 23, 1940.

Guy L. Dickinson and Zeb A. Stewart for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Emmit Taylor appeals from a conviction of manslaughter and sentence of five years' imprisonment for the killing of Luke Hampton on March 2, 1938.

Taylor, with a young man called "Shorty" Smith, was living in a small building, which had once been a restaurant, near the railroad station on the edge of Barbourville. Seven or eight men and two women were there drinking. Hampton had been there an hour or so previously and seems to have been in a fighting mood so that Taylor had insisted that he leave. Another man had enticed him out. He returned to the place about eleven o'clock, announcing that he was back. When drinking he was a violent man. The preponderance of the testimony is that Taylor again requested Hampton to leave and that Hampton precipitated the trouble; that he started after Taylor, who threw two Coca-Cola bottles at him. But he came on, and when he grabbed hold of Taylor he shot Hampton twice. However, there is evidence tending to show that Taylor brought on the difficulty in the manner in which he ordered Hampton out of the house, saying that "I ain't got no use for you" because he had forsaken the Smith boy in a fight that had occurred earlier in the evening in which the boy had

been cut. The participants and the witnesses all were proved to have bad reputations.

The instruction on self-defense was qualified by another in a form approved in Smith v. Commonwealth, 215 Ky. 815, 287 S. W. 8, and many other cases, to the effect that if the defendant brought on the difficulty, or if he and the decedent had voluntarily entered into an actual combat with the intention on the part of each to kill the other or do him great bodily harm, then the defendant should not be acquitted on the ground of self-defense. It is an unusual case that calls for an instruction submitting the qualification of mutual affray or combat, which is a fight in which both parties willingly enter. Norton v. Commonwealth, 196 Ky. 90, 244 S. W. 310, 311. It is not far removed from a duel, as where the evidence showed that deceased accosted the defendant with an insulting remark and invited him to ''come out and take his medicine,'' meaning that the speaker was prepared to fight and was challenging the defendant; and the defendant, without saying anything, went into his house, got his pistol and returned and the parties engaged in a shooting match until the deceased threw down his gun and picked up his ax and continued the fight. Hellard v. Commonwealth, 119 Ky. 445, 84 S. W. 329, 27 Ky. Law Rep. 115. It does not cover a state of case where the fight was brought on by one of the parties for the purpose of killing or inflicting great injury upon the other and the other stood his ground and defended himself. Wilson v. Commonwealth, 63 S. W. 738, 23 Ky. Law Rep. 743.

In the instant case the Commonwealth's evidence tended to prove only that the defendant was the aggressor, while the evidence of the defendant tended to prove that he merely defended himself and that the deceased brought on the fight. The evidence did not tend to show any agreement or mutual desire to engage in the fight. Instructions not predicated on the facts of the case—however accurate their statement of law in the abstract—should not be given. Where the facts were such as described in this record, it is error to qualify the instruction on self-defense on the theory of a mutual combat. Wilson v. Commonwealth, supra; Martin v. Commonwealth, 197 Ky. 43, 245 S. W. 869.

The judgment is reversed.