## Bradley v. Commonwealth.

Nov. 8, 1940.

Henry Stephens, Jr., Judge.

C. B. Wheeler for appellant.

Hubert Meredith, Attorney General, and Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant, Aaron and Carl Bradley, and Wes Campbell were charged with shooting and wounding Lacy Triplett, the indictment following the language of Kentucky Statutes, Section 1166, which denounces the offense and fixes punishment.

Prior to trial Carl Bradley had died, and at the close of commonwealth's evidence motion for a peremptory was sustained as to Campbell. Upon submission the jury declared Aaron not guilty, but found appellant guilty, inflicting a two years' imprisonment. On appeal it is contended that:

(a) The court erred in overruling demurrer to the indictment, and refusing to require the commonwealth to elect which of the three it would prosecute.

342

(b) In admitting incompetent and rejecting competent evidence.

(c) The court should have sustained motion for peremptory, and the verdict is flagrantly against the evidence.

(d) The court failed to give the whole law of the case, and did not give correct instructions.

Ground (a) may be readily disposed of. The case relied on by appellant, Cupp v. Com., 87 Ky. 35, 7 S. W. 405, 9 Ky. Law Rep. 877, was decided by this court prior to enactment of Kentucky Statutes, Section 1128, which provides that an aider or abettor may be prosecuted and convicted jointly with a principal. The contention is, that since only one person could have fired the shot, only one could be convicted. We had precisely the same argument in Davidson v. Com., 261 Ky. 158, 87 S. W. (2d) 119, wherein a three person joint indictment was challenged. We held the indictment good.

Counsel's complaint on the second part of contention (a) is without merit, and was perhaps advanced in support of endeavor to have favorable ruling on his demurrer. Counsel did not move for severance, which if done would have required its granting, and compelled the commonwealth to make election. Criminal Code of Practice, Section 237, and notes. We have not been cited to, nor have we found any case holding that the commonwealth may be required to elect on motion of accused, in the absence of motion for severance, or where the court directs same. Drake v. Com., 214 Ky. 147, 282 S. W. 1066. We have concluded that there was prejudicial error in the giving of a part of instruction 5, and shall limit a statement of facts to such as will lead up to a discussion of appellant's contention.

The shooting and wounding of Triplett occurred near noon on Sunday, July 30, 1939, in front of Campbell's store, used partly as a residence by Campbell and family, near Weyland, and 10 or 15 feet from the public highway. On the day in question Lacy Triplett, with his father, four brothers, a cousin and one Wicker, had gone to Weyland to see a ball game. They were riding in a "pick up" truck; two or three in the cab, the others standing in the truck bed, with Triplett and Wicker in the rear.

After reaching Weyland they learned that the ball game did not begin until 3 o'clock, so at the suggestion of the father, they concluded to go to another point in the county to a "speaking," and in so going the truck had to pass the Campbell building. As it passed, or was about to pass, the shooting occurred. As to whether Triplett shot first, or at all, or whether appellant shot first (he admits he shot), is the factual issue.

Appellant and his companions contend that the boys in the bed of the truck were all in their shirt sleeves; no one in their crowd had a weapon of any sort, and that Triplett did not shoot at any time. Triplett, Wicker, and perhaps another, recognized appellant standing inside the store window as the truck approached, and said that he first fired one or two shots through the window, one of which struck Triplett. After these shots were fired, and as the truck proceeded down (or up) the road, appellant came out on the porch and emptied a repeating shotgun in their direction.

Contra, appellant claims that he was in the store, standing at the window; the approaching truck pulled out of proper line over on the store side of the road, and without warning Triplett fired, the bullet going through the window over appellant's head; that he fired other shots into the house, and some after appellant went out on the front porch. His recital was corroborated by several witnesses; it was shown by others that Triplett had been seen with a pistol shortly prior to the shooting.

Appellant's defense was that he shot to save himself from impending danger. The record embraces evidence showing hostile feeling and previous difficulties between members of the respective families.

The brief recitation of the facts sufficiently shows that the court did not err in passing the case to the jury; upon submission, though the evidence was extremely conflicting, with the witnesses numerically favoring appellant's testimony in parts, the question of guilt or innocence became a matter for determination by the jury.

As to complaints of admission and rejection of evidence, we find that appellant has taken up eight pages of brief in reciting evidence, mainly not complained of,

but perhaps to show connection with such as is subject to complaint. In only two instances has appellant undertaken to point out to us why the court made erroneous rulings, or to cite any authorities.

We have read the brief and evidence carefully, and find that evidence rejected, or admitted over objection, was of such immaterial character that its admission or rejection in no cited instance constitutes reversible error. The contention that the court in two instances failed to admonish as to the effect of certain admitted evidence would perhaps have merit, except for the fact that there was no suggestion of admonition on the part of appellant.

Appellant complains that the court erred in giving that part of instruction 5, commonly called a modified self-defense instruction; one which in addition to the usual law of self-defense, advised the jury that the accused under certain circumstances was not entitled to be acquitted on the grounds of self-defense, ordinarily in many cases given in a more or less complicated form.

The first paragraph of No. 5 is not subject to criticism, and appears to be in approved form, substantially correct. To that portion of the instruction, the court added:

"This instruction is modified to the following extent as to the defendant, Joe Bradley, but if the jury believe from the evidence beyond a reasonable doubt that the combat between the defendant, Joe Bradley, and Lacy Triplett was voluntarily engaged in by the defendant, and the said Lacy Triplett with the intent on the part of each to kill the other, or to do him great bodily harm; or that the defendant, Joe Bradley, when he was in no danger, real or to him apparent of death or great bodily harm at the hands of the said Lacy Triplett began the difficulty by shooting at Lacy Triplett, or making demonstrations to shoot at him, or that he pursued him after the said Lacy Triplett had been shot and abandoned the difficulty, if he did so abandon it, and so made the danger to himself excusable on the part of Lacy Triplett in his necessary or apparent necessary self-defense, then in either of these events the defendant, Joe Bradley, cannot be acquitted on the grounds of self-defense or apparent necessity."

Under the facts developed the court should not have given that part of No. 5 which·deprived the appellant of the benefit of self-defense, if the jury believed beyond a reasonable doubt that the parties were engaged in mutual combat. In Taylor v. Com., 281 Ky. 442, 136 S. W. (2d) 544, we reversed because under the facts we concluded that the self-defense instruction was erroneously modified. We said "It is an unusual case that calls for an instruction submitting the qualification of mutual affray or combat, which is a fight in which both parties willingly enter," citing Norton v. Com., 196 Ky. 90, 244 S. W. 310. It does not cover a state of case where the fight was brought on by one of the parties for the purpose of killing or inflicting injury upon the other who stood his ground and defended himself. Wilson v. Com., 63 S. W. 738, 23 Ky. Law Rep. 743; Martin v. Com., 197 Ky. 43, 245 S. W. 869.

The proof is to the effect that Triplett did not know where appellant was on the morning of the shooting, and appellant testifies that he had no intimation that the Tripletts were to be in the neighborhood of Campbell's store; there was nothing to show that the meeting or the shooting was the result of any mutual consent to engage in an armed conflict, so as to limit the right of self-defense on the part of the defendant. Norton v. Com., supra. Here the prosecuting witness contends he did not shoot at all, and appellant admits that he did, and that he stood his ground and shot in his defense. There is no showing of a "combat in which both parties willingly entered." 29 Cyc. 257.

The second portion of the instruction relating to abandonment by Triplett, and further acts on the part of appellant, upon analysis, does not appear to be in conformity to such as have been approved in cases where facts justified such modification. Appellant admitted that he fired two shots through the window, and one from the door from the inside of the store. He then went to a corner of the building; procured a shotgun which was standing behind a trunk; walked out on the porch, where he fired six shots towards Triplett in the truck, which was, according to his testimony, going at about ten miles per hour. He says Triplett continued to shoot toward him.

The proof is that the shot which struck Triplett was

fired through the window before appellant came out on the porch. His evidence would indicate that it was his belief that this was so. It is also shown in proof that Triplett when he received his wound, or after the shots from the store window, "ducked" to the bed of the truck.

Under the facts and circumstances it was error to incorporate the language, "or that he pursued him after the said Triplett had been shot, and had abandoned the difficulty, if he did so abandon it, and so made the danger to himself excusable on the part of Triplett, in his necessary or apparently necessary self-defense * * * he cannot be acquitted on the grounds of self-defense."

It is true that appellant claims that when he went on the front porch Triplett continued to shoot, and, as he says, "fired the last shot." In such circumstances there was no abandonment. The proof on the other side does not evidence abandonment. In fact, according to the commonwealth's proof, there was no beginning or ending on the part of the prosecuting witness.

However, the vice in the instruction is that the jury was told that if appellant "pursued" Triplett after he had been shot, and so made the danger to himself excusable on the part of Triplett, "he lost his right of self-defense." Triplett would have had no excusable right to shoot at appellant, if he were doing nothing more than "pursuing him." In order to have deprived him of the plea he must necessarily have pursued Triplett, threatening to shoot, or have shot at Triplett after the latter had abandoned the difficulty. The instruction did not advise the jury that if appellant pursued, or as the term should have been, "renewed the difficulty," and shot, or shot at Triplett after he had abandoned, they were not to consider the defense plea.

We are of the opinion that there was no place for the abandonment instruction, since from the evidence there was neither abandonment nor pursuit, in the legal sense of the words. The whole affray was apparently begun and concluded in a very few moments. There was no evidence of pursuit; appellant merely stepped out on the porch, as he claimed, and is shown by all the testimony, and continued rather than renewed the shooting. It would be better practice on another trial, if the

proof is the same, to submit the right of appellant on the usual self-defense instruction. If the proof should on the other hand. be such as to justify modification in the respects mentioned, approved form may be noted in Instructions to Juries, Stanley, Section 898, p. 1200.

Judgment reversed with directions to grant appellant a new trial and for procedure not inconsistent with this opinion.