Press SHEPHERD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 25, 1955.

Napier & Napier, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Justice.

Press Shepherd was jointly indicted with Dennis Joseph by the grand jury of Perry County under KRS 435.170(2) and charged with the malicious cutting and wounding of one Jesse Cress with a knife, from which death did not ensue. The indictment was dismissed as to Joseph on recommendation of the prosecuting witness. Shepherd was convicted and his punishment fixed at confinement in the reformatory for three years, from which judgment he appeals.

The grounds urged for reversal are: (1) the court erred in refusing to direct the jury to find the defendant not guilty; (2) the verdict was contrary to the law and the evidence; and (3) the court failed to instruct the jury properly.

In considering the first and second grounds for reversal, it is necessary to summarize the evidence in the case. The cutting occurred on the evening of Election Day on November 3, 1953. The prosecuting witness, Jesse Cress, in his car, picked up Shepherd and Joseph, longtime acquaintances, and took them to Bill Couch's restaurant and beer joint. All of them entered the place of business, and Cress, after buying four cans of beer, left in his car for his sister's home, where he had supper. Cress maintains that he had money in his pocket after paying for the beer and that appellant and Joseph followed him out to his car, where Cress denied appellant's request for money. Cress complained that he could not find his money after the fight with appellant.

Upon leaving his sister's home some two or three hours later, Cress started home, and on return, met appellant and Joseph on a side road. Cress stated that he stopped to pick up the two men at their request and that appellant asked him to have a drink of moonshine which he refused. Following his refusal, appellant jumped on him, hitting him while he was in the car. Appellant then pulled him out of the car and inflicted various wounds on him, causing deep cuts and much loss of blood. At the trial, he exhibited scars on the arm, left shoulder, neck, under the armpit, and on his head, which he claimed were made by appellant with his knife. The cutting occurred on the ground after appellant had struck Cress the first lick on the back of the head while inside the car. Joseph took no part in the difficulty.

At the close of the Commonwealth's testimony, the court overruled appellant's motion for a peremptory instruction. The testimony of Jesse Cress, as outlined, was sufficient to take the case to the jury. The statement of the prosecuting witness was sufficient to show an unprovoked and unjustified attack upon him by appellant in which various wounds were inflicted with a knife. It is true that the testimony of the prosecuting witness is confused, indefinite, and uncertain on various points, but the substance of it is clear in the above respect. The ruling of the trial court was correct because the evidence is considered sufficient to raise the issue that appellant did commit the offense as charged. Chapman v. Commonwealth, 306 Ky. 800, 209 S.W.2d 61.

At the close of all the testimony in the case, the motion for peremptory instruction

was renewed and again overruled. In considering this ruling, the second ground urging that the verdict was contrary to the law and the evidence will also be discussed. It is sufficient to say that the appellant and the other eyewitness, Joseph, denied that the cutting occurred in the manner described by the prosecuting witness. Appellant claimed that he acted in self-defense. They testified that the difficulty arose at approximately the time and place fixed by Cress. It is described by the following quotation from the testimony of appellant:

"We got with him up to Howard Cornett's. We rode down to Bill Couch's place. We got out there and he went off. I don't know where he went, but they was a little store over there and my first cousin lives over there, and we went to the store and as we come back a car drove up beside us and axed did we want to ride and said 'Yeah', and we said we was going up to the mouth of Beech Fork and he said 'Jump in here' and took off that way; and didn't go fer 'til he said 'How did you vote, Press'? and I said 'I voted the straight Democrat ticket, straight out', and he said 'Well, you won't vote nary 'nothern, you God-damned son-of-a-bitch, you'.

"Q8. How was that? A. He said 'Well, you won't vote nary 'nothern, you God-damned son-of-a-bitch, you', and he jerked his car—stopped his car and jerked his car door open, and jerked me out over top of the steering wheel, and got me down, choking me, and I commenced rolling and couldn't get him off, and finally got hold of my knife, had it in my coat pocket, and finally got hold of it and I cut him. I got so weak I couldn't do nothing, and I cut him off."

There are definite indications in the record that the truth may have been mishandled or disregarded on various points by the witnesses on both sides. Whether this was intentional or was due to a faulty memory, possibly induced by "Election Day spirits", or otherwise, cannot be determined.

Under such circumstances, the credibility of the witnesses and weight to be given the evidence is a function of the jury. Carroll v. Commonwealth, 306 Ky. 175, 206 S.W.2d 818; Thompson v. Commonwealth, 306 Ky. 470, 208 S.W.2d 512; Jones v. Commonwealth, 307 Ky. 286, 210 S.W.2d 956; Brown v. Commonwealth, 310 Ky. 306, 220 S.W.2d 870. Where the evidence is conflicting, this Court will not disturb the jury's verdict unless it is flagrantly against the evidence, in which event a verdict should be directed for defendant. Bradley v. Commonwealth, 284 Ky. 340, 144 S.W.2d 819; Devers v. Commonwealth, 305 Ky. 551, 204 S.W.2d 968; Shepherd v. Commonwealth, 306 Ky. 121, 206 S.W.2d 485.

Appellant's claim of self-defense here is contradicted; therefore, it was for the jury.

It is also urged that the court failed to give the law of the case because the jury was not instructed that: "If they believe from the evidence that the prosecuting witness sought, or brought on the difficulty, then, in that event the defendant had a right to resist him to the extent of taking the prosecuting witness' life."

The court gave the usual instructions on malicious cutting and wounding, cutting in sudden affray or in sudden heat and passion, self-defense, and reasonable doubt.

The self-defense instruction given was favorable to the appellant. It presented his right to kill in self-defense if necessary in whatever manner the difficulty may have arisen, without qualifying it by saying that if the jury believed beyond a reasonable doubt that the defendant brought on the difficulty he could not excuse himself on the ground of self-defense. Stanley's Instructions, Section 897, Page 1200. The failure to qualify the self-defense instruction on this point was not prejudicial to appellant.

It is the rule that in an instruction some of the facts going to make out a defense should not be singled out and given prominence. This is applicable to an instruction on self-defense. The question of

self-defense should be left to the jury on all the facts under the usual self-defense instruction, with the qualification noted above where the evidence warrants. Ware v. Commonwealth, 140 Ky. 534, 131 S.W. 269; Toncray v. Commonwealth, 291 Ky. 471, 165 S.W.2d 8; Quisenberry v. Commonwealth, 299 Ky. 390, 185 S.W.2d 669. The qualification on the instruction sought by appellant would have doubly stressed his right of self-defense by giving undue prominence to the fact that the prosecuting witness sought or brought on the difficulty and would have been more than he was due.

Judgment affirmed.