## Monday v. Commonwealth.

(Decided April 19, 1935.)

C. C. CRABTREE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

Duck Monday appeals from a judgment convicting him of detaining a woman against her will and fixing his punishment at 2 years' imprisonment.

The only ground urged for reversal is the failure of the court to instruct on assault and battery.

Lovie Crawford, the prosecuting witness, testified

as follows: She was 18 years of age, and knew the defendant. She was accosted by the defendant on a road in the woods. Defendant took hold of her and told her he was going to have intercourse with her. She screamed and pulled loose from him. He bruised her on the arm and ran off down the hill. All this was against her will and consent. She ran home, and her brother heard her scream and came out to meet her. She told what had happened and showed her bruised arm. She was corroborated by her brother and sister, who heard her scream and saw the bruise on her arm.

On the other hand, defendant testified in substance as follows: He and the prosecuting witness were neighbors, and he had known her for some time. She frequently came to his home to have her hair cut, and was there for that purpose the day she claims to have been detained. While cutting her hair, he made arrangements to meet her in the woods on her way back home and have carnal knowledge of her, to which she consented. He left first and went up the hill and waited until she came. He took hold of her and some one on the hillside made a noise. She got scared, and began screaming and running, and he went back toward his home. Mrs. Dodson, the mother-in-law of the defendant, testified that she was at defendant's home on the day Lovie Crawford came there and claimed she was detained. Defendant was helping on a cellar, and she saw him talking to the girl. Then defendant went up the hill, and the girl afterward went around the hill toward her home, and not the way defendant went.

Even if it be conceded, without deciding, that a case might arise where it would be proper in a prosecution for detaining a woman against her will to instruct on assault and battery, no such case is here presented. The rule is that an instruction should not be given unless authorized by the evidence. Brennon v. Commonwealth, 169 Ky. 815, 185 S. W. 489; Thomas v. Commonwealth, 195 Ky. 623, 243 S. W. 1. The prosecuting witness says that the accused took hold of her and told her he was going to have intercourse with her, and that she screamed and pulled loose from him. On the other hand, the accused claims that he had arranged to meet the prosecuting witness in the woods for the purpose of having intercourse with her, that she consented to the arrangement, and he then took hold of

her. In short, the evidence both of the prosecuting witness and of the accused shows that he took hold of her for the purpose of having carnal knowledge of her, and that his sole defense is that she consented to the arrangement. The intent being admitted, there was no common-law assault and battery without the intent, and the failure to submit that question to the jury was not error. On the contrary, the rights of the accused were fully presented by the instruction on reasonable doubt.

Judgment affirmed.