## Moore v. Commonwealth.

Dec. 2, 1941.

R. Lee Brown for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Elza Van Moore, was by the grand jury of Whitley county, at its January Term, 1941, indicted, charging him with the offense of detaining a woman against her will, with intent to have carnal knowledge of her himself, a crime denounced by Section 1158, Kentucky Statutes.

Upon trial on that charge he was found guilty and his punishment fixed at two years in the penitentiary. Appellant's motion for a new trial having been overruled, he has appealed, asking reversal of the judgment on the grounds that (1) he committed no offense within the meaning of the statute; (2) that the court should have given an instruction on drunkenness; (3) that the

court should have given an instruction on the common-law offense of assault and battery.

The offense charged is shown to have taken place in Whitley county, on January 6 or February 6, 1941. The only witnesses in the case were appellant, the wife of appellant and his step-daughter, the accuser and prose-cuting witness. Angeline Sexton, the stepdaughter, was 21 years of age and separated from her husband.

The only two witnesses for the Commonwealth were the prosecuting witness, Angeline Sexton and her moth-er, Pricie Moore, wife of appellant. The accused was the only witness who testified in his defense.

It is shown by the evidence that appellant lived in Corbin, Whitley county, Kentucky; that the prosecuting witness, appellant's step-daughter by a previous mar-riage, and who was separated from her husband, had be-come a mother either six days before this happening or a month and six days, there being this variance between the statement of the daughter and that of her mother as to the time of the alleged happening of the offense.

The prosecuting witness testified that on the day in question the appellant came home drunk and asked her to have sexual intercourse with him and she refused; that at the time she was sitting in a rocking chair in the front room of the house; that upon her refusal appellant took out his male organ, pushed her head back and at-tempted to put it in her mouth; that her mother who was working in the kitchen heard the commotion and came to her rescue, whereupon appellant desisted. The testi-mony of the mother is substantially the same. Both wit-nesses testified that at the time appellant was "crazy drunk" and they thought if he had been sober he would not have done it. The appellant admitted he was drunk at the time, but denied having any memory of commit-ting the act charged. Officers were immediately sum-monsed and appellant was arrested and taken to jail.

It is argued for reversal that appellant committed no offense within the meaning of the statute, supra, and the commonwealth admits that that is perhaps true; that appellant's attempt to place his private parts in the mouth of prosecuting witness would not constitute the crime of having carnal knowledge of a female, but in-sists that this was only an incident of the crime which

is pointed out by the statute as the taking or detention of a woman against her will which constitutes the crime.

In Roberson's Criminal Law, 2nd Edition, Section 588, it is stated that:

"The acts which constitute the crime denounced by the statute must be done against the will of the woman."

It is further said:

"But it is not necessary that the defendant should have used any physical force, such as taking hold of the woman, in order to constitute a detention of her. If she was detained by him against her will for the purpose of having carnal knowledge of her, he is guilty, although the detention is slight in point of time and no physical force is actually used."

It would appear that the conduct of appellant as detailed by the witnesses constitutes a detention as defined by Roberson's Criminal Law, supra, and the cases therein cited. However, it must be noted that the two witnesses for the commonwealth testified that the accused did unlawfully detain his step-daughter with intent to have carnal knowledge of her, and appellant, in testifying in his own behalf, states that, owing to his drunken condition at the time, he has no remembrance of the occurrence.

The only other question presented and relied on for reversal is that the court failed to instruct upon the whole law of the case, in that it failed or refused to instruct on drunkenness and the common-law offense of assault and battery. We cannot agree with this contention.

In Robb v. Com., 101 S. W. 918, 31 Ky. Law Rep. 246, the court allowed evidence as to the drunken condition of defendant at the time of the acts constituting the offense and in the instructions told the jury that they must believe from the evidence beyond a reasonable doubt that the defendant did detain a woman, the prosecutrix, against her will and with the intention and purpose of having carnal knowledge of her. This was held proper.

Also as to the contention that the court should have given an instruction on the common-law offense of as-

sault and battery, in Monday v. Com., 258 Ky. 764, 81 S. W. (2d) 599, the court held that where all the evidence showed that accused took hold of the woman for the purpose of having carnal knowledge of her, an instruction on common-law assault and battery was not authorized. See, also, Paynter v. Com., 55 S. W. 687, 21 Ky. Law Rep. 1562.

While it is true that where intent is an element of the crime charged the evidence of drunkenness is admissible to show the absence of intent as stated, supra, yet in this case such intent is clearly made to appear by the testimony of the witnesses, that appellant even though drunk manifested such intent in requesting his step-daughter to have sexual intercourse with him, and upon her refusal subjected her to the insult stated above.

Having considered all the facts as deduced by the evidence we are led to conclude that appellant has been given a fair trial before a properly instructed jury, and upon the whole record it does not appear that he has been prejudiced in any of his substantial rights. We therefore conclude that the judgment of conviction was proper.

Judgment affirmed.